# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs September 8, 2010

## ZACHARY M. HUGHES v. PREMIER ORTHOPAEDICS & SPORTS MEDICINE, PLC, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 09C-2199      Barbara N. Haynes, Judge**

_____

**No. M2010-01580-COA-R3-CV - Filed September 10, 2010**

_____

The plaintiff has appealed the trial court's dismissal of his medical malpractice action. Because the plaintiff did not file a timely notice of appeal from the order of dismissal, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

PATRICIA J. COTTRELL, P.J., M.S., FRANK G. CLEMENT, JR., ANDY D. BENNETT, JJ.

Zachary Myles Hughes, Nashville, Tennessee, Pro Se.

C. Bennett Harrison, Jr., Nashville, Tennessee, for the appellees, Premier Orthopaedics & Sports Medicine, Roger N. Passmore, M.D.

## MEMORANDUM OPINION[1]

This appeal arises out of a medical malpractice action filed by Zachary M. Hughes. The trial court dismissed the case on September 18, 2009. On September 21, 2009, Mr. Hughes filed a Motion for Discovery. On October 19, 2009, the trial court denied the Motion for Discovery based on the prior order of dismissal. The trial court also stated that any further motions would be improper unless and until the order of dismissal was vacated. Mr.

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Hughes took no further action until he filed a Motion for Default on May 26, 2010. On July 12, 2010, the trial court denied the Motion for Default as improperly filed. Mr. Hughes filed his notice of appeal on July 16, 2010.

A notice of appeal must be filed with and received by the trial court clerk within thirty (30) days after entry of the order appealed. Tenn. R. App. P. 4(a). Mr. Hughes did not file his notice of appeal, however, until July 16, 2010, nearly ten months after the case was dismissed. Moreover, neither the May 26, 2010 Motion for Default nor the trial court's July 12, 2010 order had any effect on the time limit for filing the notice of appeal. First, while Mr. Hughes's notice of appeal does not specify the order appealed, it is clear from Mr. Hughes's prematurely filed brief that he is seeking reversal of the September 18, 2009 order of dismissal. In addition, a Motion for Default is not one of the motions listed in Tenn. R. App. P. 4(b) as extending the time for filing a notice of appeal. Even if the motion was of the type that could extend the time period, the motion itself was not timely filed as required by Tenn. R. App. P. 4(b). Consequently, on August 18, 2010, this court ordered Mr. Hughes to show cause why his appeal should not be dismissed for failure to file a timely notice of appeal.

In his response to our show cause order, Mr. Hughes does not dispute that his notice of appeal was untimely. Rather, he requests that the court waive the untimely filing in the interest of justice. The thirty day time limit for filing a notice of appeal, however, is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn.2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Serv. Corp.* 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal deprives this court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d at 869. Accordingly, the September 18, 2009 order of dismissal has become final, and the appeal must be dismissed.

The appeal is hereby dismissed for failure to file a timely notice of appeal. The appellant is taxed with the costs for which execution may issue.

PER CURIAM