# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 5, 2010

## LIBERTY STATE BANK v. CHARLES WAYNE SMITHSON

**Appeal from the Circuit Court for Dekalb County**
**No. 2010-CV-50      John J. Maddux, Jr., Judge**

_____

### No. M2010-01881-COA-R3-CV - Filed October 7, 2010

_____

The defendant has appealed from a default judgment granting the plaintiff possession of his 1995 Lincoln Towncar.  Because the defendant did not file his notice of appeal within the time permitted by Tenn. R. App. P. 4, we dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

PATRICIA J. COTTRELL, P.J., M.S., FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ.

Charles Wayne Smithson, Jr., Smithville, Tennessee, Pro Se.

Bratten Hale Cook, Smithville, Tennessee, for the appellee, Liberty State Bank.

### MEMORANDUM OPINION[1]

____

On June 18, 2010, Liberty State Bank filed a complaint in the Circuit Court for DeKalb County alleging that the defendant, Charles Wayne Smithson, had defaulted on a February 7, 2009 note secured by a 1995 Lincoln Towncar.  Liberty State Bank sought possession of the vehicle as well as a monetary judgment, interest and attorney fees. On June 28, 2010, the trial court entered a default judgment awarding Liberty State Bank possession of the vehicle.  No monetary damages were awarded.  Mr. Smithson filed his notice of appeal

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

on August 3, 2010.

Tenn. R. App. P. 4(a) requires that a notice of appeal be filed with and received by the trial court clerk within thirty (30) days after entry of the order appealed. Mr. Smithson did not file his notice of appeal with the trial court clerk until thirty-six (36) days after entry of the order appealed. On September 13, 2010, this court ordered Mr. Smithson to show cause why his appeal should not be dismissed for failure to file a timely notice of appeal. Mr. Smithson failed to respond.

The thirty day time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn.2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Serv. Corp.* 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal deprives this court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d at 869.

The appeal is hereby dismissed for failure to file a timely notice of appeal. The costs are taxed to Charles Wayne Smithson and his surety for which execution, if necessary, may issue.


PER CURIAM