# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned March 2, 2011

## BLAKE MICHELLE BODLE (ROOKS) v. JOHN VIRGIL BODLE

**Appeal from the Chancery Court for Rutherford County**
No. 98DR1288    Royce Taylor, Judge

---

**No. M2011-00247-COA-R3-CV - Filed March 3, 2011**

---

The mother has filed a notice of appeal challenging the trial court's decision regarding the father's child support obligation. Because the mother did not file her notice of appeal within the time permitted by Tenn. R. App. P. 4, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

PATRICIA J. COTTRELL, P.J., M.S.; ANDY D. BENNETT AND RICHARD H. DINKINS, JJ.

Blake Michelle Rooks, Murfreesboro, Tennessee, Pro Se.

Daryl Miller South, Murfreesboro, Tennessee, for the appellee, John Virgil Bodle.

## MEMORANDUM OPINION[1]

On January 18, 2011, the mother filed a pro se notice of appeal "from the Judgment of this Honorable Court entered in this action." The notice of appeal sets forth the issues the mother intends to raise on appeal but does not identify the date of the judgment being appealed. Nevertheless, it appears from the documents forwarded to the clerk of this court by the trial court clerk with the notice of appeal that the trial court denied the mother's motion to alter or amend the judgment on December 14, 2010.

---

[1]Tenn. R. Ct. App.10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Tenn. R. App. P. 4(a) requires that a notice of appeal be filed with and received by the trial court clerk within thirty (30) days after entry of the order appealed. If one of the post-judgment motions listed in Tenn. R. App. P. 4(b) and Tenn. R. Civ. P. 59.01, including a motion to alter or amend, is timely filed, the time for filing a notice of appeal will run from the date of the order granting or denying the post-judgment motion. It thus appears that the time for filing a notice of appeal expired, at the latest, on January 13, 2011, thirty (30) days after the trial court denied the mother's motion to alter or amend. The mother did not file her notice of appeal until January 18, 2011, thirty-five (35) days after the denial of the motion to alter or amend.

On February 11, 2011, this court ordered the mother to show cause why her appeal should not be dismissed for failure to file a timely notice of appeal. The mother has responded that she has never appealed before and was confused as to how to proceed. She does not dispute that the notice of appeal was untimely but asserts that she misunderstood how to count the days around holidays and weekends. She requests that the court "reconsider" her appeal and states she will retain an attorney from this point forward.

Parties who chose to represent themselves are entitled to fair and equal treatment. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn.Ct.App.2000). While they are not excused from complying with applicable substantive and procedural law, *Irvin v. City of Clarksville,* 767 S.W.2d 649, 652 (Tenn.Ct.App.1988), the court recognizes the challenges faced by pro se litigants and accords them certain latitude. However, the thirty day time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn.2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Serv. Corp.* 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). While we are sympathetic to the difficulties faced by the mother in pursuing her appeal pro se, the failure to file a timely notice of appeal deprives this court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d at 869.

The appeal is hereby dismissed for failure to file a timely notice of appeal. The costs are taxed to Blake Michelle Bodle Rooks and her surety for which execution, if necessary, may issue.

PER CURIAM