IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned May 2, 2011

## STATE OF TENNESSEE EX REL. JACQUELINE D. DAVIS v. JAMES (JASON) McCLAIN

Appeal from the Juvenile Court for Maury County
No. 09-JV-855     George L. Lovell, Judge

No. M2011-00834-COA-R3-CV - Filed May 3, 2011

This is an appeal from an Order Establishing Parentage and Support entered by the Juvenile Court for Maury County on June 1, 2010. Because the appellant did not file his notice of appeal within the time permitted by Tenn. R. App. P. 4, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR.,J., ANDY D. BENNETT, J., and RICHARD H. DINKINS, J.

Jason McClain, Columbia, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter, and Stuart F. Wilson-Patton, Attorney General's Office, for the State of Tennessee.

**MEMORANDUM OPINION**[1]

---

[1]Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

On September 9, 2009, the mother filed a Petition to Establish Parentage in the Juvenile Court for Maury County. The putative father failed to appear, plead or defend, and the trial court entered an Order Establishing Parentage and Support on June 1, 2010. On August 23, 2010, the mother filed a Petition to Enforce Child Support. On February 16, 2011, the trial court granted the father's request for a continuance "to allow additional time to file motion regarding paternity as respondent was declared the father by default order." It does not appear the father filed a motion as suggested by the trial court. However, on April 5, 2011, the father filed a notice of appeal from the June 1, 2010 order.

Tenn. R. App. P. 4(a) requires that a notice of appeal be filed with and received by the trial court clerk within thirty (30) days after entry of the order appealed. The father's notice of appeal was filed more than ten months after entry of the order appealed. Consequently, on April 14, 2011, this court ordered the father to show cause within ten days why his appeal should not be dismissed for failure to file a timely notice of appeal. The father failed to respond.

The thirty day time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn.2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Serv. Corp.* 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal deprives this court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d at 869.

The appeal is hereby dismissed for failure to file a timely notice of appeal. The costs are taxed to the father and his surety for which execution, if necessary, may issue.


PER CURIAM