IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned May 23, 2011

**CORY TYLER MEEKS v. KIMBERLY ANN MEEKS**

**Appeal from the Circuit Court for Grundy County**
**No. 8280      J. Curtis Smith, Judge**

**No. M2011-00986-COA-R3-CV - Filed May 24, 2011**

This is an appeal from a divorce decree entered by the Circuit Court for Grundy County on March 14, 2011.  Because the appellant did not file his notice of appeal with the trial court clerk within the time permitted by Tenn. R. App. P. 4, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

PATRICIA J. COTTRELL, P.J., M.S.; ANDY D. BENNETT AND RICHARD H. DINKINS, JJ.

Cory Tyler Meeks, Jasper, Tennessee, Pro Se.

Jennifer Austin Mitchell, Dunlap, Tennessee, for the appellee, Kimberly Ann Meeks.

**MEMORANDUM OPINION**[1]

This appeal arises out of a complaint for divorce filed by the wife, Kimberly Ann Meeks.  The husband, Cory Tyler Meeks, failed to answer the complaint, and the trial court entered a decree of divorce by default on March 14, 2011.  On March 22, 2011, the husband wrote a letter to the trial court clerk asking for help.  The trial court clerk responded on March 28, 2011, by informing the the husband that he had thirty days from March 14, 2011, within which to file an appeal.  The trial court clerk also presented other options, should the

[1]Tenn. R. Ct. App.10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

husband choose not to appeal. On April 7, 2011, the husband filed a letter with the clerk of this court expressing his desire to appeal and asking the clerk to "please file the appeal papers." The clerk of this court sent the husband back a pro se litigant handbook and a notice of appeal form. The husband filled out the form and mailed copies to both the clerk of this court and the clerk of the trial court on April 25, 2011. The trial court clerk received and filed the notice of appeal on April 26, 2011.

Tenn. R. App. P. 4(a) requires that a notice of appeal be filed with and received by the trial court clerk within thirty (30) days after entry of the order appealed. The husband's notice of appeal was filed with the trial court clerk forty-three (43) days after entry of the order appealed.[2] Consequently, on May 10, 2011, this court ordered the husband to show cause within ten days why his appeal should not be dismissed for failure to file a timely notice of appeal.

The husband has responded that he "filed the appeal" when he sent the clerk of this court the April 7, 2011 letter. He asserts the letter contains the necessary information about the case as well as the reasons he desires to appeal. "An appeal shall not be dismissed for informality of form or title of notice of appeal." Tenn. R. App. P. 3(f). We thus agree with the husband that the April 7, 2011 letter could be considered a notice of appeal. However, a notice of appeal must be filed with and received by the clerk of the trial court, not the clerk of the appellate court. Tenn. R. App. P. 4(a). The tender of a notice of appeal to the clerk of this court will not initiate an appeal. Moreover, the clerk of this court is under no obligation to forward an incorrectly filed notice of appeal to the trial court clerk. Accordingly, the April 7, 2011 letter was not effective to initiate an appeal of the March 14, 2011 judgment because it was not filed with the clerk of the trial court. The appellant did not file a notice of appeal with the clerk of the trial court until April 26, 2011, well beyond the thirty day time limit provided by Tenn. R. App. P. 4(a).

The thirty day time limit for filing a notice of appeal with the trial court clerk is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn.2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Serv. Corp.* 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal with the trial

---

[2]Because the appellant is incarcerated, his notice of appeal would be considered timely if it was delivered to the appropriate individual at the appellant's correctional facility within the thirty (30) day period. Tenn. R. App. P. 4 and 20(g). However, the notice of appeal and attached affidavit were not even signed by the appellant until April 25, 2011, and thus could not have been timely delivered to the appropriate individual at the appellant's correctional facility.

court clerk deprives this court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d at 869.

The appeal is hereby dismissed for failure to file a timely notice of appeal. The costs are taxed to the husband for which execution, if necessary, may issue.