# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned October 11, 2011

## TERRY NICHOLS v. TENNESSEE DEPARTMENT OF CORRECTIONS
### ET AL.

**Appeal from the Chancery Court for Wayne County**
**No. 2010CV4833    Stella L. Hargrove, Judge**

_____

**No. M2011-02011-COA-R3-CV - Filed October 11, 2011**

_____

This is an appeal from a final judgment dismissing an inmate's petition for common law writ of certiorari.  Because the inmate did not file his notice of appeal with the trial court clerk within the time permitted by Tenn. R. App. P. 4, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

PATRICIA J. COTTRELL, P.J., M.S.; ANDY D. BENNETT AND RICHARD H. DINKINS, JJ.

Terry Nichols, Whiteville, Tennessee, Pro Se.

Kellena R. Baker, Nashville, Tennessee, for the appellee, Tennessee Department of Correction.

_____

## MEMORANDUM OPINION[1]

This appeal arises out of a petition for common law writ of certiorari filed in the Chancery Court for Wayne County by Terry Nichols, an inmate in the Hardeman County

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Correctional Facility. The trial court dismissed the petition on April 13, 2011. Mr. Nichols filed his notice of appeal with the trial court clerk on September 20, 2011.

Tenn. R. App. P. 4(a) requires that a notice of appeal be filed with and received by the trial court clerk within thirty (30) days after entry of the order appealed. Mr. Nichols did not file his notice of appeal until more than five months after entry of the final judgment. Consequently, on September 23, 2011, this court ordered the Mr. Nichols to show cause within ten days why his appeal should not be dismissed for failure to file a timely notice of appeal.

Mr. Nichols has responded by asserting that he did not receive a copy of the trial court's order of dismissal until August 29, 2011. The dismissal order, however, contains a certificate of service indicating that a copy of the proposed order was served on Mr. Nichols by U.S. mail on April 5, 2011. Service by mail is complete upon mailing. Tenn. R. Civ. P. 5.02(1). Where a judgment contains a certificate of service indicating that a copy of the proposed judgment has been served on the opposing parties, no notice of the entry of the judgment is required unless such notice is specifically requested. Tenn. R. Civ. P. 58. Even if Mr. Nichols had requested notice of entry of the order, the failure to provide such notice would not affect the time for filing a notice of appeal. Tenn. R. Civ. P. 58, *Advisory Commission Comments.*

The thirty day time limit for filing a notice of appeal with the trial court clerk is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn.2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Serv. Corp.* 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal with the trial court clerk deprives this court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d at 869.

The appeal is hereby dismissed for failure to file a timely notice of appeal. The costs are taxed to Terry Nichols for which execution, if necessary, may issue.

PER CURIAM