**James M. JEFFERSON,**
**Plaintiff/Appellant,**

v.

**PNEUMO SERVICES CORPORATION,** **Cleveland Pneumatic Company and** **Cleveland Pneumatic Product Service** **Division, Inc., Defendants/Appellees.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Aug. 20, 1985.

Permission to Appeal Denied by Supreme Court Oct. 21, 1985.

Robert L. Huskey, Manchester, for plaintiff/appellant.

Donald J. Ray, Ray & Van Cleave, Tullahoma, for defendants/appellees.

## OPINION

KOCH, Judge.

We are called upon by this appeal to determine whether Tenn.R.Civ.P. 60 can be used to provide relief to a party whose lawyer failed to file a timely notice of appeal because he was busy with other clients' work. We conclude that the normal press of an attorney's workload alone does not provide a basis for Tenn.R.Civ.P. 60 relief.

### I.

James M. Jefferson was employed by Pneumo Services Corporation as a night shift superintendent. He was discharged by the company by letter dated July 22, 1982. On July 21, 1983, Mr. Jefferson filed an action against the company[1] in the Cir-

---

1. The plaintiff also named two subsidiary corporations as defendants. These three related com-

cuit Court for Coffee County alleging that the company had breached his employment contract and that he had been wrongfully terminated. He sought $512,500 in actual and punitive damages.

A trial before a jury commenced on August 1, 1984. However, following the plaintiff's proof, the trial court directed a verdict in the company's favor. Thus, on August 10, 1984, the trial court entered an order granting a judgment for the company and dismissing the plaintiff's case. This order was approved for entry by Mr. Jefferson's counsel, and there is no question that both Mr. Jefferson and his lawyer had timely notice of its entry.

Immediately following the entry of this Order, Mr. Jefferson instructed his lawyer to perfect an appeal from the trial court's decision. Mr. Jefferson's counsel assured him that an appeal would be filed. However, rather than filing a notice of appeal, Mr. Jefferson's counsel contacted the company's lawyer to offer to settle the case to avoid further litigation. Opposing counsel provided him with no encouragement.[2] Following this discussion, in counsel's words:

I laid the file back and delayed preparing and filing a Notice of Appeal for if there could be a settlement of the case prior to the passage of time of filing the notice, and the case could be settled without actually filing a Notice of Appeal, expense in the way of Court costs of the Court of Appeals could be saved.[3]

Therefore I waited hoping to get a response of a possible settlement before having to file the Notice of Appeal. I placed the file in what I call my "to do"

stack with a notice clipped to the front of the file reflecting "Notice of Appeal" and did so with the intention of filing a notice within the thirty (30) day period if settlement were not reached.

After placing Mr. Jefferson's file in his "to do stack," Mr. Jefferson's counsel stated that he would normally have prepared and filed a notice of appeal during the week prior to the deadline for filing the notice of appeal. However, he did not do so because he was

actively involved in a number of matters, which is [sic] a result of which I failed to note the approaching deadline in this case.

In accordance with Tenn.R.App.P. 4(a), the notice of appeal in Mr. Jefferson's case should have been filed with and received by the clerk of the trial court no later than September 10, 1984. It was not. On September 12, 1984, Mr. Jefferson's lawyer remembered that some action needed to be taken with regard to this appeal. When he confirmed that he had, in fact, permitted the time for filing the notice of appeal to expire, Mr. Jefferson's counsel filed a notice of appeal in the trial court on September 12, 1984.[4]

On September 14, 1984, counsel filed a motion for relief pursuant to Tenn.R.Civ.P. 60.02(1) and (4) in the trial court. Accompanying this motion was counsel's affidavit setting forth the reasons why he had failed to file a timely notice of appeal. In this affidavit, counsel conceded:

the failure to file a Notice of Appeal timely was strictly due to the oversight

panies will be hereinafter referred to as the "company."

2. It should not be surprising that the company's lawyer would not seriously entertain a settlement offer since his motion for a directed verdict had been granted.

3. At the time for an appeal in this case, Tenn.R. App.P. 5(a) no longer required that a copy of a notice of appeal be served on the clerk of the appellate court within seven days after the notice was filed in the trial court. This provision was deleted by the Tennessee Supreme Court on

January 31, 1984. The Court's action was approved in House Joint Resolution No. 276 which was adopted by the General Assembly on May 17, 1984 and approved by the Governor on May 25, 1984. This change became effective on August 15, 1984.

4. No notice of appeal was ever filed with the clerk of this Court evidently because Mr. Jefferson's lawyer was aware of the amendment to Tenn.R.App.P. 5(a) which had taken effect approximately one month earlier.

on my part, and in no way results from any neglect on the part of the client. The company opposed this motion.

The trial court filed a memorandum opinion and order on October 29, 1984, granting Mr. Jefferson's motion but stating that it had "considerable doubt concerning whether or not it can grant the relief sought." Later, on December 4, 1984, the trial court entered an order setting aside its earlier order of August 10, 1984, and re-entering its order dismissing the case. Mr. Jefferson's counsel then filed a notice of appeal on December 11, 1984. The company also appealed from the trial court's decision to permit Mr. Jefferson to proceed with this delinquently filed appeal.

## II.

■ The time limit within which an appeal must be filed is found in Tenn.R. App.P. 4(a) which provides, in part:

In an appeal as of right to the Supreme Court, Court of Appeals or Court of Criminal Appeals, the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from.

This time limit is mandatory and jurisdictional in civil cases.[5] *John Barb, Inc. v. Underwriters at Lloyds of London,* 653 S.W.2d 422, 424 (Tenn.App.1983). The Tennessee Rules of Appellate Procedure specifically provide that this Court can neither waive [Tenn.R.App.P. 2] nor extend [Tenn. R.App.P. 21(b)] this time period. Thus, Tenn.R.App.P. 3(e) makes it clear that failure to file a timely notice of appeal is the only procedural omission that will effect the validity of an appeal.[6] These procedural restrictions are sufficiently definite that

the liberal construction provisions of Tenn. R.App.P. 1 should not be used to circumvent the plain intent of Tenn.R.App.P. 4(a). See *Gassaway v. Patty,* 604 S.W.2d 60, 61 (Tenn.App.1980).

■ Even though our appellate courts have not been given the authority to extend the time period within which an appeal must be filed, the drafters of the Tennessee Rules of Appellate Procedure never intended that no relief would be available to parties who failed to file a timely notice of appeal. The Advisory Commission's Comments to Tenn.R.App.P. 4(a) provide in this regard that

Nothing in this rule or any other rule permits the time for filing notice of appeal to be extended beyond the specified 30 days, although in appropriate circumstances an otherwise untimely appeal may be taken by first securing relief under Tennessee Rule of Civil Procedure 60.02.

Thus, it is now settled that trial courts can, in certain extraordinary circumstances, grant relief in accordance with the requirements of Tenn.R.Civ.P. 60.02 to parties who failed to file their notice of appeal within the period of time provided for in Tenn.R.App.P. 4(a). *Moody v. Moody,* 681 S.W.2d 545, 546 (Tenn.1984); *Jerkins v. McKinney,* 533 S.W.2d 275, 281 (Tenn. 1976); and *John Barb, Inc. v. Underwriters at Lloyds of London,* 653 S.W.2d 422, 423 (Tenn.App.1983). However, this relief is generally granted in only the most extraordinary circumstances. *Travis v. City of Murfreesboro,* 686 S.W.2d 68, 69 (Tenn. 1985). When such relief is granted, it usually takes the form of vacating the original final judgment and then re-entering it thus causing the thirty day period within

---

**5.** This time limit was jurisdictional for all appeals prior to the enactment of Chapter 417, Public Acts of 1983. *State v. Williams,* 603 S.W.2d 157, 158 (Tenn.Crim.1980). This legislation caused Tenn.R.App.P. 4(a) to be amended to provide that filing a notice of appeal was no longer jurisdictional in criminal cases. The limitation of the 1983 amendment to criminal appeals is a persuasive indication that the General Assembly intended that the filing of the

notice of appeal remain jurisdictional in civil cases.

**6.** Tenn.R.App.P. 3(e) provides, in part:

Failure of an appellant to take any step other than the timely filing and service of a notice of appeal does not affect the validity of the appeal but is ground only for such action as the appellate court deems appropriate, which may include dismissal of the appeal.

which to file a notice of appeal to begin to run again. See Note, *Failure to Timely File Notice of Appeal for First Tier Appellate Review: A Client's Rights*, 14 Mem.St.U.L.Rev. 483, 498 (1984).

Parties seeking to file an untimely appeal usually invoke Tenn.R.Civ.P. 60.02(1) as a basis for relief. This rule provides that a party may be relieved from a final judgment based upon an adequate showing of "mistake, inadvertence, surprise or excusable neglect." These criteria are substantially similar to those found in the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure as well as analogous rules adopted by other states. Therefore, decisions from these jurisdictions can provide persuasive precedents when we are called upon to construe our own rules. *Bowman v. Henard*, 547 S.W.2d 527, 530 (Tenn.1977); *Jerkins v. McKinney*, 533 S.W.2d 275, 280–281 (Tenn. 1976); and *Knapp v. Holiday Inns, Inc.*, 682 S.W.2d 936, 940 n. 4 (Tenn.App.1984).

Litigants seeking to file an untimely appeal in the Federal Courts have two alternatives available to them. Like litigants in our courts, they may seek relief pursuant to Fed.R.Civ.P. 60(b). In the alternative, they may seek a thirty day extension of time in which to file a notice of appeal in accordance with Fed.R.App.P. 4(a)(5). In both of these proceedings, the party seeking relief is required to prove that its failure to file a timely notice of appeal was the result of "excusable neglect."[7] Decisions from jurisdictions with comparable rules demonstrate that the "excusable neglect" standard remains the same no matter which avenue of relief is pursued.

Federal precedents applying the "excusable neglect" standard to circumstances such as the one before us have found this standard to be very strict. *Sprout v. Farmers Insurance Exchange*, 681 F.2d 587, 588 (9th Cir.1982); *Pellegrino v. Marathon Bank*, 640 F.2d 696, 698 (5th Cir. 1981); and *Prowswood, Inc. v. Mountain*

*Fuel Supply Co.*, 676 P.2d 952, 959 (Utah 1984). See also 16 C. Wright, A. Miller, E. Cooper & E. Gressman *Federal Practice and Procedure*, Section 3950, at 366 (1977). Relief is granted only in extraordinary circumstances. *Spound v. Mohasco Industries, Inc.*, 534 F.2d 404, 410–11 (1st Cir. 1976); *State v. One 1977 Blue Ford Pickup Truck*, 447 A.2d 1226, 1229 (Me.1982); and *Bosworth Data Services, Inc. v. Gloss*, 41 Colo.App. 530, 587 P.2d 1201, 1203 (1978). See also Annot., 26 A.L.R.Fed. 569 Section 3 (1976).

The mere unilateral inadvertence or mistake of counsel is generally not considered to be "excusable neglect." Thus, courts have consistently denied relief when a notice of appeal has not been timely filed because a lawyer was busy with other work. The United States Court of Appeals for the First Circuit Court found that the trial court had abused its discretion when it granted relief because a lawyer was busy negotiating a collective bargaining agreement. In language reflecting the attitude of most courts that have been presented with similar questions, the Court of Appeals ruled:

> We do not consider the fact that an attorney is busy on other matters to fall within the definition of excusable neglect. Most attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences. [citation omitted] Filing a notice of appeal does not require much time or deliberation. *Pinero Schroeder v. Federal National Mortgage Association*, 574 F.2d 1117, 1118 (1st Cir.1978).

See also *Maryland Casualty Co. v. Conner*, 382 F.2d 13, 17 (10th Cir.1967); *Begin v. Jerry's Sunoco, Inc.*, 435 A.2d 1079, 1083 (Me.1981); and *Bosworth Data Ser-*

---

7. Prior to 1979, relief pursuant to Fed.R.App.P. 4(a)(5) could only be obtained based upon a showing of "excusable neglect." However, this rule was changed in 1979 to permit granting relief upon a showing of "good cause" as well. This basis for relief does not appear in Tenn.R. Civ.P. 60.02, and therefore, it is not germane to this appeal.

*vices, Inc. v. Gloss,* 587 P.2d 1201, 1203 (Colo.App.1978).[8]

The Federal courts have also held that the mere ignorance or carelessness of an attorney or his client, without more, will not provide the basis for Fed.R.Civ.P. 60(b) relief. *Chick Kam Choo v. Exxon Corp.,* 699 F.2d 693, 695 (5th Cir.), *cert. denied,* 464 U.S. 826, 104 S.Ct. 98, 78 L.Ed.2d 103 (1983); *Cline v. Hoogland,* 518 F.2d 776, 778 (8th Cir.1975); and *Edwards v. Velvac, Inc.,* 19 F.R.D. 504, 507 (E.D.Wis.1956), *cert. denied,* 354 U.S. 942, 77 S.Ct. 1397, 1 L.Ed.2d 1537 (1957). Thus, courts have refused to grant Fed.R.Civ.P. 60(b) relief in cases where relief is based upon an attorney's being busy on other matters. *Clergy and Laity Concerned v. Chicago Board of Education,* 586 F.Supp. 1408, 1410 (N.D.Ill. 1984), and *Picucci v. Town of Kittery, Maine,* 101 F.R.D. 767, 768 (D.Maine 1984).

### III.

■ Parties seeking relief pursuant to Tenn.R.Civ.P. 60.02 have the burden of demonstrating that they are entitled to relief. *Hopkins v. Hopkins,* 572 S.W.2d 639, 640 (Tenn.1978), and *Page v. Page,* 672 S.W.2d 423, 427 (Tenn.App.1984). Requests for relief pursuant to this rule are addressed to the discretion of the trial court. Thus, the role of this Court is to review the record to determine whether the trial court exercised its discretion properly. *Travis v. City of Murfreesboro,* 686 S.W.2d 68, 70 (Tenn.1985). Based upon the facts in this record, we have determined that the trial court should not have vacated its original order directing a verdict for the defendant in order to enable Mr. Jefferson to file an untimely appeal. To rule that a party can be excused from compliance with the strict requirements of Tenn.R.App.P. 4(a) merely because his lawyer was busy doing something else would establish a precedent that would be difficult to follow in future cases and would permanently dilute the significance of the time limit in Tenn.R. App.P. 4(a).

■ In this case, Mr. Jefferson was represented by an experienced lawyer who has a demonstrated familiarity with the Tennessee Rules of Appellate Procedure and with the operation of Tenn.R.Civ.P. 60.02.[9] His case was dismissed only after he had been given the chance to try it on its merits,[10] and there is no question that both Mr. Jefferson and his lawyer had timely notice of the entry of the order dismissing the case. None of the extraordinary circumstances that have prompted similar relief in other cases is present in this case.[11] The only basis upon which relief was sought, and therefore upon which relief could be granted, was that Mr. Jefferson's counsel forgot to file a notice of appeal in time. This has never been an adequate basis upon which to grant extraordinary relief pursuant to Tenn.R.Civ.P. 60.02. Thus, we

**8.** See also 9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice,* Paragraph 204.13[1.–3], at 4–98 (1985); 16 C. Wright, A. Miller, E. Cooper & E. Gressman, *Federal Practice and Procedure,* Section 3950, at 366–367 (1977); and Annot., 26 A.L.R.Fed. 569 Section 7[a] (1976).

**9.** Counsel has been involved in numerous appeals. Since 1979, he has been counsel of record in ten cases that resulted in reported decisions. He served as counsel for the appellant in *Page v. Page,* 672 S.W.2d 423 (Tenn.App. 1984) which involved Tenn.R.Civ.P. 60.02.

**10.** Thus, the precedents involving granting post judgment relief from default judgments are not applicable. *John Barb, Inc. v. Underwriters at Lloyd of London,* 653 S.W.2d 422, 424 (Tenn. App.1983).

**11.** The failure of the clerk of the trial court to notify counsel of the entry of a final order provided the basis for relief in *Jerkins v. McKinney,* 533 S.W.2d 275 (Tenn.1976), and *Tate v. County of Monroe,* 578 S.W.2d 642 (Tenn.App. 1978). Unfamiliarity with the rules due to lack of recent appellate experience provided a basis for relief under the more relaxed standards of the former rules of practice of the Tennessee Supreme Court. *Butler v. Johnson,* 221 Tenn. 366, 369, 426 S.W.2d 515, 516 (1968). Likewise, counsel's illness resulted in relief in *Hopper v. Davidson County,* 206 Tenn. 393, 397, 333 S.W.2d 917, 918 (1960). However, a secretary's late arrival at the post office was found to be insufficient in *Lambert v. Home Federal Savings and Loan Association,* 481 S.W.2d 770, 771 (Tenn.1972). The Tennessee Supreme Court noted in *Lambert* that the absence of prejudice to the appellee alone is not a sufficient basis to grant relief.

have determined that it does not now provide an adequate basis to grant relief in this case.[12]

## IV.

■ Having determined that Mr. Jefferson should not have been permitted to file an untimely appeal, we do not reach the merits of the issues he raises. We have, however, considered the issue raised by the company that this was a frivolous appeal. Based upon the unsettled state of the law with regard to a trial court's authority to use Tenn.R.Civ.P. 60.02 to permit an untimely appeal, we find that this was not a frivolous appeal.

For the reasons stated herein, the judgment of the trial court is reversed and this appeal is dismissed.

The costs of this appeal are taxed against Mr. Jefferson and his surety for which execution, if necessary, may issue.

TODD, P.J., and LEWIS, J., concur.

12. Counsel for Mr. Jefferson also invokes Tenn. R.Civ.P. 60.02(4) as a basis for relief. Having failed to prove the existence of any extraordinary circumstance that would warrant relief pursuant to Tenn.R.Civ.P. 60.02(1), there is no basis in this record to conclude, in the words of Tenn.R.Civ.P. 60.02(4), that it is no longer equitable to give the judgment prospective application.