IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned March 2, 2011

**PATRICK S. RILEY v. DARON HALL, SHERIFF**

**Appeal from the Circuit Court for Davidson County**
**No. 10C2195    Joseph P. Binkley, Jr., Judge**

---

**No. M2011-00238-COA-R3-CV - Filed March 2, 2011**

---

This is an appeal from a judgment dismissing an inmate's petition for writ of certiorari challenging a disciplinary decision.   Because the appellant did not file his notice of appeal within the time permitted by Tenn. R. App. P. 4, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

Frank G. Clement, Jr., J., Andy D. Bennett, J., and Richard H. Dinkins, J.

Patrick S. Riley, Wartburg, Tennessee, Pro Se.

Melissa S. Roberge, Nashville, Tennessee, for the appellee, Daron Hall, Sheriff.

**MEMORANDUM OPINION**[1]

Patrick S. Riley, an inmate currently in the custody of the Department of Correction, filed a petition for writ of certiorari in the Circuit Court for Davidson County seeking review of a disciplinary decision made by the administrators of the Davidson County Criminal Justice Center.  The trial court originally determined that it did not have jurisdiction over the matter because the petition did not meet the mandatory requirements of Tenn. Code Ann. § 27-8-106.  Mr. Riley filed a response which the trial court considered as a motion to amend

---

[1]Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

the petition to cure the defects. On October 6, 2010, the trial court entered an order denying the motion to amend and dismissing the case for lack of jurisdiction on the ground more than sixty days had passed from the date of the challenged decision. On January 24, 2011, Mr. Riley filed a notice of appeal from the October 6, 2010 order. Tenn. R. App. P. 4(a) requires that a notice of appeal be filed with the trial court clerk within thirty (30) days after entry of the order appealed. Mr. Riley filed his notice of appeal more than three months after entry of the order he seeks to appeal.

In his notice of appeal, Mr. Riley asserts he filed a notice of removal to the United States District Court and seems to contend that the time for filing the notice of appeal was thus tolled by 28 U.S.C. § 1367. We do not construe 28 U.S.C. § 1367 as allowing an appellant to extend the time for filing a notice of appeal by filing a notice of removal after a case has been dismissed. We note also that a notice of removal is not one of the motions listed in Tenn. R. App. P. 4(b) and Tenn. R. Civ. P. 59.01 that will extend the time for filing a notice of appeal. Even if the time had been tolled, however, removal was denied, according to Mr. Riley, on December 16, 2010, and the January 24, 2011 notice of appeal would thus still be untimely.

On February 9, 2011, this court ordered Mr. Riley to show cause why his appeal should not be dismissed for failure to file a timely notice of appeal. Mr. Riley failed to respond. The thirty day time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn.2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Serv. Corp.* 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal deprives this court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d at 869.

The appeal is hereby dismissed for failure to file a timely notice of appeal. The costs are taxed to Patrick S. Riley and his surety for which execution, if necessary, may issue.

PER CURIAM

-2-