# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned June 13, 2011

## VIOLET CORROZZO A/K/A VIOLET GUARINO v. JOSEPH B. CORROZZO ET AL.

### Appeal from the Chancery Court for Rutherford County
### No. 080014CV      Royce Taylor, Judge

---

### No. M2011-00220-COA-R3-CV - Filed June 13, 2011

---

This is an appeal from the dismissal of the plaintiff's complaint for intentional fraud, unjust enrichment and breach of contract. Because the plaintiff did not file her notice of appeal within thirty days after entry of the order denying her motion to alter or amend the judgment as required by Tenn. R. App. P. 4, we dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

Frank G. Clement, Jr., Jr., Andy D. Bennett, J., and Richard H. Dinkins, J.

James Daniel Richardson Roberts, Jr., Nashville, Tennessee, for the appellant, Violet Corrozzo a/k/a Violet Guarino.

Mary Beth Hagan, Murfreesboro, Tennessee, for the appellees, Joseph B. Corrozzo and Mary Francis Corrozzo.

### MEMORANDUM OPINION[1]

On January 4, 2008, Violet Guarino, a/k/a Violet Corrozzo ("Plaintiff") filed a complaint for intentional fraud, unjust enrichment and breach of contract against her ex husband, Joseph B. Corrozzo, and his current wife, Mary Francis Corrozzo ("Defendants"),

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

in the Chancery Court for Rutherford County. On March 10, 2010, the trial court dismissed the case pursuant to Tenn. R. Civ. P. 12.02 for failure to state a claim.[2] The plaintiff filed a timely motion to alter or amend on April 8, 2010. On July 30, 2010, the plaintiff filed an amended motion to alter or amend and to clarify the judgment. The plaintiff's motion was heard on October 29, 2010. Following the hearing, the defendants submitted a proposed order denying the motion. The plaintiff filed an objection to the defendants' proposed order on November 22, 2010, and requested that the court enter her proposed order instead. On December 7, 2010, the trial court entered the plaintiff's proposed order declining to modify the March 10, 2010 judgment. The plaintiff filed her notice of appeal on January 14, 2011. The defendants have now filed a motion to dismiss the appeal for failure to file a timely notice of appeal.[3] The plaintiff has failed to file a response in opposition to the motion.

Tenn. R. App. P. 4(a) requires that a notice of appeal be filed with and received by the trial court clerk within thirty (30) days after entry of the order appealed. If one of the post-judgment motions listed in Tenn. R. App. P. 4(b) and Tenn. R. Civ. P. 59.01, including a motion to alter or amend, is timely filed, the time for filing a notice of appeal will run from the date of the order granting or denying the post-judgment motion. The trial court denied the plaintiff's post-judgment motion on December 7, 2010. The plaintiff did not file her notice of appeal until January 14, 2011, thirty-eight (38) days later.

It appears the trial court held another hearing on January 14, 2011, at which the plaintiff sought to have the trial court enter another order based on her November 22, 2010 objection to the defendants' proposed order. The trial court declined to enter another order, holding that its entry of plaintiff's proposed order resolved all the issues raised in the plaintiff's November 22, 2010 filing and was a final judgment. Having reviewed the record, we agree with the trial court's assessment of the December 7, 2010 order and hold that the thirty-day time period for filing a notice of appeal ran from December 7, 2010.

The appellant also asserted at the January 14, 2011 hearing that her counsel did not get notice that the December 7, 2010 order had been entered. Where an order contains the signature of counsel, no notice of entry is required unless such notice is specifically requested.[4] Tenn. R. Civ. P. 58. Moreover, the time for filing the notice of appeal runs from the date the final order is entered, not from the date counsel receives notice of entry. Tenn. R. App. P. 4(a). Accordingly, counsel's lack of notice of the entry of the December 7, 2011

---

[2] The Defendants had filed a counter-claim, but subsequently filed a notice of voluntary dismissal.

[3] The appellees have also filed a motion to stay the briefing schedule. In light of our decision to dismiss the appeal, the motion to stay is moot.

[4] Notice of entry of this order was not requested.

order, while perhaps explaining the delay in filing a notice of appeal, does not extend the thirty-day time period or excuse the late filing.

The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn.2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Serv. Corp.* 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal deprives this court of jurisdiction to hear the matter. *Flautt & Mann,*285 S.W.3d at 869.

The appeal is hereby dismissed for failure to file a timely notice of appeal. The costs are taxed to Violet Corrozzo, a/k/a Violet Guarino and her surety for which execution, if necessary, may issue.

PER CURIAM