# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned January 11, 2012

## REDLAND INSURANCE COMPANY v. DON WILLIS

**Appeal from the Circuit Court for Davidson County**
**No. 08C2231      Barbara N. Haynes, Judge**

---

**No. M2011-02158-COA-R3-CV -Filed January 12, 2012**

---

The appellant has appealed from an August 30, 2011 final judgment awarding him $1733.00 in damages. Because the appellant did not file his notice of appeal with the trial court clerk within the time permitted by Tenn. R. App. P. 4(a), we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., J., ANDY D. BENNETT, J., and RICHARD H. DINKINS, J.

Don Willis, Madison, Tennessee, Pro Se.

William G. McCaskill, Jr., Nashville, Tennessee, for the appellee, Redland Insurance Company.

## MEMORANDUM OPINION[1]

This appeal involves a dispute between a truck driver and his insurance carrier over the carrier's liability under a commercial trucker's policy for property damage to the truck driver's tractor trailer. The truck driver, Don Willis, obtained a $12,000 default judgment against Redland Insurance Company ("Redland") in the General Sessions Court for Davidson

---

[1]Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

County on March 25, 2008. On July 9, 2008, Redland filed a "Petition for Writ of Certiorari, Supersedeas and Order Setting Aside Default Judgment" in the Circuit Court for Davidson County. On September 23, 2008, the trial court set aside the default judgment entered by the General Sessions Court. Redland subsequently filed a motion to dismiss Mr. Willis's underlying property damage claims or in the alternative to determine the amount of damages to which Mr. Willis is entitled. On August 30, 2011, the trial court entered a final judgment denying Redland's motion to dismiss and awarding Mr. Willis $1733.00 in damages. Mr. Willis filed a notice of appeal with the trial court clerk on September 30, 2011.

Tenn. R. App. P. 4(a) requires that a notice of appeal be filed with and received by the trial court clerk within thirty (30) days after entry of the order appealed. Mr. Willis filed his notice of appeal thirty-one (31) days after entry of the final judgment. Consequently, on December 29, 2011, this court ordered Mr. Willis to show cause why his appeal should not be dismissed for failure to file a timely notice of appeal. Mr. Willis has responded that he was pressed for time and "failed to notice the last day of September was the 31[st] instead of the 30[th]." He sets forth the merits of his appeal, and requests that the appeal be honored.

We understand from Mr. Willis's response that he was unaware August had 31 days and that the notice of appeal was thus due on September 29, 2011, rather than on September 30, 2011. The reason for the late filing is, however, irrelevant. The thirty day time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn.2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Serv. Corp.* 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal deprives this court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d at 869. Accordingly, the appeal must be dismissed.

The appeal is hereby dismissed for failure to file a timely notice of appeal. The costs are taxed to Don Willis for which execution, if necessary, may issue.

PER CURIAM