# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned February 23, 2012

## DAVIS JEREMY USELTON v. TENNESSEE DEPARTMENT OF CORRECTION, ET AL.

**Appeal from the Chancery Court for Wayne County**
**No. 2011-CV-4981      Robert L. Holloway, Jr., Judge**

**No. M2012-00113-COA-R3-CV - Filed February 23, 2012**

This is an appeal from a final judgment dismissing an inmate's petition for common law writ of certiorari. Because the inmate did not file his notice of appeal with the trial court clerk within the time permitted by Tenn. R. App. P. 4, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., J., ANDY D. BENNETT, J., and RICHARD H. DINKINS, J., joined.

Davis Jeremy Uselton, Clifton, Tennessee, Pro Se.

J. Lee Pope, Office of Attorney General & Reporter, for the appellee, Tennessee Department of Correction.

James I. Pentecost, Jackson, Tennessee, for the appellee, Corrections Corporation of America.

## MEMORANDUM OPINION[1]

---

[1]Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

On August 2, 2011, Davis J. Uselton, an inmate in the custody of the Department of Correction, filed a Petition for Common Law Writ of Certiorari in the Chancery Court for Wayne County, challenging a prison disciplinary decision. On October 31, 2011, the trial court entered an order dismissing the petition. Mr. Uselton filed a notice of appeal with the trial court clerk on December 29, 2011.

Tenn. R. App. P. 4(a) requires that a notice of appeal be filed with and received by the trial court clerk within thirty (30) days after entry of the order appealed. Mr. Uselton did not file his notice of appeal until fifty-nine (59) days after entry of the final judgment. Because Mr. Uselton is an inmate in a correctional facility, his notice of appeal would be considered timely if it was delivered to the appropriate individual at the correctional facility within the thirty (30) day period. Tenn. R. App. P. 4 and 20(g). However, the certificate of service states on its face that the notice was not delivered to the mailroom personnel until December 29, 2011, well beyond the thirty-day time period. Indeed Mr. Uselton himself recognized his notice of appeal was untimely in that he filed a Motion for Delayed Notice of Appeal pursuant to Tenn. R. App. P. 4 in the trial court.

While the trial court has not yet ruled on the Motion for Delayed Notice of Appeal, Tenn. R. App. P. 4 contemplates waiver of the thirty-day time limit for filing a notice of appeal only in criminal cases. In civil cases, the thirty-day time limit is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn.2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Serv. Corp.* 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal with the trial court clerk deprives this court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d at 869.

The appeal is hereby dismissed for failure to file a timely notice of appeal. The costs are taxed to Davis J. Uselton for which execution, if necessary, may issue.

PER CURIAM