# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned July 26, 2012

## LISA SMITH AS GUARDIAN OF THE PERSON AND ESTATE OF RODTERRIUS M. TINNEL (DECEASED) v. STATE OF TENNESSEE ET AL.

**Appeal from the Circuit Court for Rutherford County**
**No. 63295      Robert E. Corlew III, Chancellor**

---

**No. M2012-00844-COA-R3-CV - Filed July 30, 2012**

---

This appeal arises out of a wrongful death action involving numerous defendants. We dismiss the appeal as to two defendants for failure to file a timely notice of appeal. We dismiss the appeal as to the remaining defendants for lack of a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., J., ANDY D. BENNETT, J., AND RICHARD H. DINKINS, J.

Lisa Smith, Springhill, Tennessee, Pro Se.

Amanda Shanan Jordan, Nashville, Tennessee, for the appellee, State of Tennessee.

Charles Mark Harrod and Robert M. Burns, Nashville, Tennessee, for the appellee, Town of Smyrna.

Bryan Essary and Joshua R. Adkins, Nashville, Tennessee, for the appellees, HCA Health Services of Tennessee, Inc., d/b/a/ Stonecrest Medical.

John J. Griffin, Jr., Nashville, Tennessee, for the appellee, Imperial Gardens Apartments, LP.

Ayetisha Osborne, Smyrna, Tennessee, Pro Se.

Angelo Jetton, Nashville, Tennessee, Pro Se.

AmyArwine, Lavergne, Tennessee, Pro Se.

# MEMORANDUM OPINION[1]

Lisa Smith, as Guardian of the Person and Estate of Rodterrius M. Tinnel (deceased), filed this wrongful death action in July of 2011, naming as defendants the State of Tennessee, the Town of Smyrna, Tennessee, Imperial Gardens Apartments, LP, and three individuals. Ms. Smith subsequently filed motions to add Rutherford County EMS and StoneCrest Medical Center as "third-party defendants."

On October 31, 2011, the trial court dismissed the State of Tennessee and directed the entry of a final judgment pursuant to Tenn. R. Civ. P. 54.02. On November 23, 2011, the trial court dismissed all claims against the Town of Smyrna, but did not direct the entry of a final judgment. On January 4, 2012, the trial court dismissed Imperial Gardens, LP. Although the proposed order contained language directing the entry of a final judgment, the trial judge lined through that provision, and the judgment was thus not final pursuant to Tenn. R. Civ. P. 54.02. On February 21, 2012, the trial court dismissed all claims against HCA Health Services of Tennessee, Inc. d/b/a StoneCrest Medical Center, and directed the entry of a final judgment pursuant to Tenn. R. Civ. P. 54.02. On April 12, 2012, Ms. Smith filed several notices of appeal in various forms. Although the notices are difficult to decipher, we have presumed that Ms. Smith intends to appeal all four dismissal orders.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a); *King v. Spain,* No. M2006-02178-COA-R3-CV, 2007 WL 3202757 at *8 (Tenn. Ct. App. October 31, 2007). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). An order that adjudicates fewer than all the claims between the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a). However, the trial court may also direct the entry of a final judgment as to one or more but fewer than all the claims upon an express determination that there is no just reason for delay. Tenn. R. Civ. P. 54.02.

The orders dismissing the State and StoneCrest Medical Center are final appealable judgments because the trial court directed the entry of a final judgment pursuant to Tenn. R.

---

[1]Tenn. R. Ct. App. 10 states:
This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Civ. P. 54.02. However, the remaining dismissal orders are not final appealable judgments because the trial court has not yet addressed Ms. Smith's claims against the individual defendants or Rutherford County EMS. Accordingly, Ms. Smith is not entitled to an appeal as of right from the orders dismissing the Town of Smyrna and Imperial Gardens, LP., because those orders are not final.

With respect to the final judgments dismissing the State and StoneCrest Medical Center, Tenn. R. App. P. 4(a) requires that a notice of appeal be filed with and received by the trial court clerk within thirty (30) days after entry of the final judgment. Ms. Smith did not file her notices of appeal with the trial court clerk until April 12, 2012, more than thirty days after either judgment was entered. The time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn.2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Serv. Corp.* 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal deprives this court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d at 869.

On July 10, 2012, this court ordered the parties to show cause why the appeal should not be dismissed for failure to file a timely notice of appeal with respect to the State and StoneCrest Medical Center and why the appeal should not be dismissed for lack of a final judgment with respect to the Town of Smyrna and Imperial Gardens.[2] Ms. Smith has filed a response asserting that her appeal has merit and should not be dismissed. The response also makes several arguments concerning the statute of limitations. The response does not, however, address the timeliness of the notices of appeal or the finality of the judgment and thus fails to show good cause why the appeal should not be dismissed.

The appeal is hereby dismissed for failure to file a timely notice of appeal with respect to the State and StoneCrest Medical Center. The appeal is dismissed for lack of a final judgment with respect to the Town of Smyrna and Imperial Gardens, without prejudice to the filing of a new appeal once a final judgment has been entered. The case is remanded to the trial court for further proceedings consistent with this opinion. The costs of this appeal are taxed to Lisa Smith for which execution may issue.

PER CURIAM

---

[2]After the show cause order was entered, the court became aware that StoneCrest Medical Center had filed a motion to dismiss the appeal with respect to it on the same grounds the court raised in the show cause order. Ms. Smith has not filed a response to that motion.