IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 22, 2019

## JAMES C. GEKAS v. HCA HEALTH SERVICES OF TENNESSEE, INC., ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 18C-1060     William B. Acree, Senior Judge**

_____

### No. M2019-00535-COA-R3-CV

_____

This is an appeal from an order granting the defendants' Tenn. R. Civ. P. 12.02 motion to dismiss for failure to state a claim. Because the plaintiff did not file his notice of appeal within thirty days after entry of the order as required by Tenn. R. App. P. 4(a), we dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

FRANK G. CLEMENT, JR., P.J., M.S., RICHARD H. DINKINS, and W. NEAL MCBRAYER, JJ.

James C. Gekas, Brentwood, Tennessee, pro se.

Tim Harvey, Nashville, Tennessee, for the appellees, HCA Health Services of Tennessee, Inc. d/b/a Tristar Centennial Medical Center, HCA Health Services of Tennessee, Inc., Board of Directors, Clarence James Gideon, Gideon, Cooper & Essary, PLC, Heather Piper, Kelly R. Duggan, Mitchell L. Wiatrak, David P. Reyes, and John Howard Wilters.

### MEMORANDUM OPINION[1]

---

[1] Tenn. R. Ct. App. 10 states:

This court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

The appellees have filed a motion to dismiss this appeal for failure to file a timely notice of appeal. The appeal arises out of a pro se complaint filed by Dr. James C. Gekas. The trial court dismissed Dr. Gekas's complaint under Tenn. R. Civ. P. 12.02 for failure to state a claim on January 4, 2019. The appellees subsequently filed a motion for attorney's fees and costs under Tenn. Code Ann. § 20-12-119(c)(1). The trial court entered an order denying the motion for attorney's fees and costs on February 19, 2019. Dr. Gekas filed his notice of appeal with the clerk of this court on March 25, 2019.

Tenn. R. App. P. 4(a) requires that a notice of appeal be filed with the clerk of the appellate court within thirty days after entry of the judgment appealed. Dr. Gekas did not file his notice of appeal until eighty days after entry of the judgment.

Dr. Gekas asserts that he waited to file his notice of appeal until after the trial court disposed of the appellees' motion for discretionary costs and attorney's fees. However, only the post-judgment motions listed in Tenn. R. Civ. P. 59.01 will extend the time for filing a notice of appeal. A motion for attorney's fees and costs under Tenn. Code Ann. § 20-12-119(c)(1) is not one of the motions listed in Tenn. R. Civ. P. 59.01. Moreover, Tenn. Code Ann. § 20-12-119(c)(3) provides, in part, that "an award of costs pursuant to this subsection (c) shall be made only after all appeals of the issue of the granting of the motion to dismiss have been exhausted and if the final outcome is the granting of the motion to dismiss." Thus, a pending motion for fees and costs under Tenn. Code Ann. § 20-12-119(c) does not does not affect the finality of the judgment or toll the time for filing a notice of appeal.

Even if the filing of the motion for attorney's fees and costs had tolled the time for filing the notice of appeal, Dr. Gekas did not file his notice of appeal within thirty days of the entry of the February 19, 2019 order.[2] Dr. Gekas asserts he did not become aware of the order until February 25, 2019, and that he filed his notice of appeal within thirty days of the date he became aware of the order. However, the time for filing a notice of appeal runs from the date a final order is entered, not from the date the appellant becomes aware of the order.

Finally, Dr. Gekas requests that the court allow his appeal to proceed despite the untimely notice of appeal because his case is unique. The thirty day time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008); *Jefferson v.*

---

[2] Although the order was marked filed by the trial court clerk on February 19, 2019, the clerk dated the certificate of service February 20, 2019. Thus, the order may not have been effectively entered under Tenn. R. Civ. P. 58 until February 20, 2019. Even if the order was not entered until February 20, 2019, Dr. Gekas's notice of appeal would still be untimely.

2

*Pneumo Serv. Corp.* 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal deprives this court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d at 869.

The appeal is hereby dismissed for failure to file a timely notice of appeal. The case is remanded to the trial court for further proceedings consistent with this opinion. James C. Gekas is taxed with the costs for which execution may issue.

PER CURIAM