FILED

06/06/2022

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 3, 2022

## GARY A. MONTGOMERY v. LESLEY B. MONTGOMERY

**Appeal from the Circuit Court for Wilson County**
**No. 2021-CV-580   Michael Wayne Collins, Judge**
———————————————————

### No. M2022-00663-COA-R3-CV
———————————————————

This is an appeal from a final order dismissing a post-divorce petition on the grounds of res judicata. Because the appellant did not file his notice of appeal within thirty days after entry of the final order as required by Rule 4(a) of the Tennessee Rules of Appellate Procedure, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., ANDY D. BENNETT, and W. NEAL MCBRAYER, JJ.

Gary Alan Montgomery, Nashville, Tennessee, pro se.

William Henry Stover, Nashville, Tennessee, for the appellee, Lesley Burnett Montgomery.

## MEMORANDUM OPINION[1]

Gary Alan Montgomery and Lesley Burnett Montgomery were divorced by the Circuit Court for Davidson County on January 29, 2020. This Court affirmed the trial

———————————————————

[1]Tenn. R. Ct. App. 10 states:
This court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

court's final decree of divorce on November 2, 2020. The Supreme Court denied Mr. Montgomery's application for permission to appeal under Tennessee Rule of Appellate Procedure 11, and mandate issued on March 15, 2021.

Mr. Montgomery subsequently filed the present action in the Circuit Court for Wilson County. Ms. Montgomery moved to dismiss the new action asserting that the issues raised in the new action were previously decided by the Circuit Court for Davidson County in the divorce action. The trial court granted Ms. Montgomery's motion and dismissed the action on March 31, 2022. Mr. Montgomery filed a notice of appeal with the clerk of this Court on May 19, 2022.

Rule 4(a) of the Tennessee Rules of Appellate Procedure requires that a notice of appeal be filed with the clerk of the appellate court within thirty days after entry of the judgment appealed. Mr. Montgomery did not file his notice of appeal until forty-nine days after entry of the judgment appealed. Because Mr. Montgomery is an inmate proceeding pro se, his notice of appeal would be considered timely if it were delivered to the appropriate individual at his correctional facility within the time fixed for filing. Tenn. R. App. P. 20(g). Mr. Montgomery concedes he did not deliver his notice of appeal to the appropriate individual until May 11, 2022, forty-one days after entry of the judgment appealed.

Mr. Montgomery asserts that he did not receive a copy of the dismissal order until "mid-April." He contends the thirty day time period for filing his notice of appeal should run from the date he received the order. However, the thirty day time limit runs from the date the judgment is entered, not from the date it is received. Tenn. R. App. P. 4(a). Moreover, the thirty day time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn.2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This Court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Serv. Corp.* 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal deprives this Court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d at 869.

The appeal is dismissed for failure to file a timely notice of appeal. The case is remanded to the trial court for further proceedings consistent with this opinion. Gary Alan Montgomery is taxed with the costs for which execution may issue.

PER CURIAM