IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 26, 2025

## CHRISTINA SANDERS, AS NEXT OF KIN TO TERRY LEE SANDERS, DECEASED v. METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY

Appeal from the Circuit Court for Davidson County
No. 24C-1691         Amanda Jane McClendon, Judge

_____

### No. M2025-01274-COA-R3-CV

_____

The appellant has filed a late notice of appeal together with a request to waive the late filing. Because the thirty-day time limit for filing a notice of appeal with the appellate court clerk is jurisdictional and cannot be waived, we deny the request to waive the late filing and dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ANDY D. BENNETT, W. NEAL MCBRAYER, and JEFFREY USMAN, JJ.

Erin Dianne Coleman, Nashville, Tennessee, for the appellant, Christina Sanders.

Abigail Rhiannon Greer, Nashville, Tennessee, for the appellee, Metropolitan Government of Nashville & Davidson County.

### MEMORANDUM OPINION[1]

The plaintiff, Christina Sanders, has appealed from an order entered on July 21, 2025, dismissing her complaint as untimely. On August 21, 2025, counsel for Ms. Sanders mistakenly filed a notice of appeal with the trial court clerk rather than the appellate court clerk. After the trial court clerk notified counsel of the error, counsel filed a notice of appeal

_____

[1]A case designated as a memorandum opinion "shall not be published, and shall not be cited or relied on for any reason in any unrelated case." TENN. CT. APP. R. 10.

with the appellate court clerk on August 24, 2025, together with a "Notice of Late Filing of Notice of Appeal" requesting that the Court waive the late filing.[2]

Rule 4(a) of the Tennessee Rules of Appellate Procedure requires that a notice of appeal be filed with the Appellate Court Clerk within thirty days after entry of the judgment appealed. Under Rule 4(a), the notice of appeal was due on Wednesday, August 20, 2025. Ms. Sanders did not file her notice of appeal with the Appellate Court Clerk until Sunday, August 24, 2025.

Ms. Sanders's filing of the notice of appeal with the trial court clerk does not save the appeal. First, contrary to Ms. Sander's assertion, the notice of appeal was not filed with the trial court clerk within the thirty-day time period. Even if the notice had been timely tendered to the trial court clerk, Rule 4(a) requires the notice to be filed with the appellate court clerk. A notice of appeal filed with the trial court clerk is a nullity and does not initiate an appeal as of right or extend the time for filing a notice of appeal in this Court.[3]

In her request to waive the late filing, Ms. Sanders contends that the late filing was due to excusable error and did not prejudice the appellee. However, the time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This Court can neither waive nor extend the time period. TENN. R. APP. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d 856, 868 at n.1 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Servs. Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985).

Ms. Sanders's failure to file a timely notice of appeal deprives this Court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d at 869 at n.1. The request to waive the late filing is denied, and the appeal is dismissed. Christina Sanders is taxed with the costs for which execution may issue.

PER CURIAM

---

[2] The request to waive the late filing is not supported by an affidavit, declaration, or any other supporting documents as required by Tennessee Rule of Appellate Procedure 22. Nevertheless, the Court has considered the factual assertions in the request as true for the purposes of this opinion.

[3] While the 2017 amendment to Rule 4(a) included a one-year transitional provision providing additional time to parties who mistakenly filed a notice of appeal with the trial court clerk, that transitional provision expired in 2018.