IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 5, 2026

## MARIO R. PERKINS v. FRANK STRADA, COMMISSIONER OF THE TENNESSEE DEPARTMENT OF CORRECTION

**Appeal from the Chancery Court for Davidson County**
**No. 25-0750-II     Anne C. Martin, Chancellor**

_____

### No. M2025-01835-COA-R3-CV

_____

This is an appeal from an order dismissing an inmate's Petition for Declaratory Judgment. Because the inmate did not file his notice of appeal with the Clerk of the Appellate Court within thirty days after entry of the order as required by Rule 4(a) of the Tennessee Rules of Appellate Procedure, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., ANDY D. BENNETT, and W. NEAL MCBRAYER, JJ.

Mario Randell Perkins, Memphis, Tennessee, pro se.

Benjamin Gerald Owen, Nashville, Tennessee, for the appellee, Commissioner, TN. Dept. of Correction.

### MEMORANDUM OPINION[1]

Mario Randell Perkins, an inmate in the custody of the Tennessee Department of Correction ("TDOC"), filed a Petition for Declaratory Judgment in the Chancery Court for Davidson County seeking review of TDOC's application of his sentence. TDOC filed a Motion to Dismiss under Tennessee Rule of Civil Procedure 12.02(6). On September 22, 2025, the trial court granted TDOC's motion and dismissed the Petition for Declaratory Judgment.

Mr. Perkins first attempted to file a notice of appeal with the clerk of the trial court on October 16, 2025. The trial court clerk returned the notice of appeal and notified Mr. Perkins that the notice of appeal must be filed with the Appellate Court Clerk. Mr. Perkins

---

[1]A case designated as a memorandum opinion "shall not be published, and shall not be cited or relied on for any reason in any unrelated case." Tenn. Ct. App. R. 10.

finally filed his notice of appeal with the Appellate Court Clerk on November 17, 2025.

Rule 4(a) of the Tennessee Rules of Appellate Procedure requires that a notice of appeal be filed with the Appellate Court Clerk within thirty days after entry of the judgment appealed. Mr. Perkins did not file his notice of appeal with the Appellate Court Clerk until fifty-six days after entry of the judgment appealed. We recognize that Mr. Perkins first attempted to file his notice of appeal with the clerk of the trial court. However, under Rule 4(a), the notice of appeal must be filed with the Appellate Court Clerk. A notice of appeal filed with the trial court clerk is a nullity. It does not initiate an appeal as of right or extend the time for filing a notice of appeal in this Court.[2]

The thirty-day time limit for filing a notice of appeal with the Appellate Court Clerk is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This Court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d 856, 868 at n.1 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Servs. Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal with the Appellate Court Clerk deprives this Court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d at 869 at n.1.

The appeal is dismissed for failure to file a timely notice of appeal. The case is remanded to the trial court for further proceedings consistent with this opinion. Mario Randell Perkins is taxed with the costs for which execution may issue.

PER CURIAM

---

[2] While the 2017 amendment to Rule 4(a) included a one-year transitional provision providing additional time to parties who mistakenly filed a notice of appeal with the trial court clerk, that transitional provision expired in 2018.