IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 17, 2026

## SHERVIN SHAHRIARI ET AL. v. IKON ELECTRIC SERVICES, INC. ET AL.

**Appeal from the Chancery Court for Williamson County**
**No. 24CV-53888    Deanna B. Johnson, Judge**
_____

**No. M2026-00557-COA-R3-CV**
_____

A defendant appeals a judgment arising out of a dispute over residential electrical work. Because the defendant did not file his notice of appeal with the Clerk of the Appellate Court within thirty days after entry of the judgment as required by Tennessee Rule of Appellate Procedure 4(a), we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., C.J., ANDY D. BENNETT, and W. NEAL MCBRAYER, JJ.

John Dillon, Riddleton, Tennessee, pro se.

Ikon Electric Service, Inc., Riddleton, Tennessee, no counsel of record.

Matthew Jared Crigger, Franklin, Tennessee, for the appellees, Shervin Shahriari and Sayena Sajadi.

**MEMORANDUM OPINION**[1]

This appeal involves a dispute over residential electrical work. Shervin Shahriari and Sayena Sajadi ("Plaintiffs") hired John Dillon and Ikon Electric Service, Inc. ("Defendants") to perform electrical work on their residence. After Defendants abandoned the job, Plaintiffs filed a complaint in the Chancery Court for Williamson County alleging

---

[1]A case designated as a memorandum opinion "shall not be published, and shall not be cited or relied on for any reason in any unrelated case." Tenn. Ct. App. R. 10.

breach of contract, negligent construction, intentional interference with a business relationship, and unlawful placement of a lien. The case was tried on January 21, 2026.

On March 5, 2026, the trial granted Plaintiffs a judgment in the amount of $37,985.03. Mr. Dillon attempted to appeal the judgment by mailing a notice of appeal to the Clerk and Master of the Chancery Court on April 3, 2026. The Clerk and Master returned the notice of appeal and informed Mr. Dillon that the notice of appeal needed to be filed in the Court of Appeals. Mr. Dillon mailed his notice of appeal to the Appellate Court Clerk on April 11, 2026. The Appellate Court Clerk received and filed the notice on April 15, 2026.

Rule 4(a) of the Tennessee Rules of Appellate Procedure requires that a notice of appeal be filed with the Appellate Court Clerk within thirty days after entry of the judgment appealed. Mr. Dillon did not file his notice of appeal with the Appellate Court Clerk until April 15, 2026, forty-one days after entry of the judgment.

Because Mr. Dillon is an inmate proceeding pro se, his notice of appeal would be considered timely if it was delivered to the appropriate individual at his correctional facility within the time fixed for filing. Tenn. R. App. P. 20(g). However, the envelope containing the notice and the cover letter accompanying the notice demonstrate that Mr. Dillon mailed his notice of appeal to the Appellate Court Clerk on April 11, 2026, and could not have delivered it to the appropriate individual at his correctional facility before April 10, 2026, thirty-six days after entry of the judgment.

Mr. Dillon does not dispute that the notice of appeal he filed with the Appellate Court Clerk was untimely. Rather, he requests that his appeal be deemed timely based on the notice of appeal he mailed to the trial court clerk on April 3, 2026. However, Rule 4(a) requires the notice of appeal to be filed with the Appellate Court Clerk. A notice of appeal filed with the trial court clerk is a nullity and does not initiate an appeal as of right or extend the time for filing a notice of appeal in this Court.[2]

The thirty-day time limit for filing a notice of appeal with the Appellate Court Clerk is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This Court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d 856, 868 at n.1 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Servs. Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal with the Appellate Court Clerk deprives this Court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d at 869 at n.1.

---

[2] While the 2017 amendment to Rule 4(a) included a one-year transitional provision providing additional time to parties who mistakenly filed a notice of appeal with the trial court clerk, that transitional provision expired in 2018.

The appeal is dismissed for lack of appellate jurisdiction. Mr. Dillon is taxed with the costs for which execution may issue.

PER CURIAM