# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned May 31, 2013

## JOHN PIERCE LANKFORD v. SOUTHERN HEALTH PARTNERS

**Appeal from the Circuit Court for Sumner County**
**No. 83CC12012CV1374      C. L. Rogers, Judge**

---

**No. M2013-01071-COA-R3-CV - Filed May 31, 2013**

---

This is an appeal from an order entered on March 12, 2013. Because the appellant did not file his notice of appeal with the trial court clerk within the time permitted by Tenn. R. App. P. 4, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ANDY D. BENNETT, J., RICHARD H. DINKINS, J. and PATRICIA J. COTTRELL, P.J..

John Pierce Lankford, Gallatin, Tennessee, Pro Se.

Daniel Farris Beasley, Huntsville, Alabama, for the appellee, Southern Health Partners.

## MEMORANDUM OPINION[1]

The appellee, Southern Health Partners, has filed a motion to dismiss this appeal for failure to file a timely notice of appeal. Tenn. R. App. P. 4(a) requires that a notice of appeal be filed with and received by the trial court clerk within thirty (30) days after entry of the judgment appealed. Southern Health Partners asserts that the order appealed was entered on March 12, 2013, and that the appellant, John Pierce Lankford, did not file his notice of appeal until April 17, 2013, thirty-six days later. Because Mr. Lankford is incarcerated, his notice of appeal would be considered timely if it was delivered to the appropriate individual

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

at his correctional facility within the thirty (30) day period. Tenn. R. App. P. 4 and 20(g). However, the notice of appeal is dated April 12, 2013, one day past the thirty day period. Indeed, Mr. Lankford does not dispute that his notice of appeal was filed more that thirty days after entry of the judgment appealed. Rather, Mr. Langford requests that the court grant him additional time and allow his appeal to proceed on the grounds that he did not receive his mail in a timely manner, that he is a layman, and that he did not fully understand the appellate process.

Regardless of the grounds presented, this court cannot grant Mr. Lankford relief from his failure to file a timely notice of appeal. The time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn.2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Serv. Corp.* 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal deprives this court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d at 869.

The appeal is hereby dismissed for failure to file a timely notice of appeal. The costs of the appeal are taxed to John Pierce Lankford for which execution may issue.

PER CURIAM