# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

## JAMES E. BELL v. TENNESSEE DEPARTMENT OF CORRECTIONS

**Appeal from the Chancery Court for Wayne County**
**No. 2012CV5136     Stella L. Hargrove, Judge**

---

**No. M2013-00729-COA-R3-CV - Filed July 29, 2013**

---

This is an appeal from the dismissal of an inmate's petition for common law writ of certiorari. Because the inmate did not file his notice of appeal with the trial court clerk within the time permitted by Tenn. R. App. P. 4, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

PATRICIA J. COTTRELL, P.J., M.S.; ANDY D. BENNETT AND RICHARD H. DINKINS, JJ.

James Bell, Jr., Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter, Lee Pope, Assistant Attorney General, and Leslie E. Price, Assistant Attorney General, for the appellee, Tennessee Department of Correction.

## MEMORANDUM OPINION[1]

The appellees have filed a motion to dismiss this appeal for failure to file a timely notice of appeal or to serve the notice of appeal on opposing counsel. The appellees assert that James E. Bell, an inmate in the custody of the Department of Correction, filed a petition for common law writ of certiorari in the Chancery Court for Wayne County in August of

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

2012, seeking review of a disciplinary action. The trial court dismissed the petition on November 6, 2012. Mr. Bell then filed a motion to alter or amend on December 7, 2013. The trial court denied the motion on January 7, 2013. Mr. Bell filed his notice of appeal on February 12, 2013, but did not serve opposing counsel. Mr. Bell has not filed a response to the motion to dismiss disputing the dates set forth by the appellees or otherwise opposing dismissal of his appeal.

Tenn. R. App. P. 4(a) requires that a notice of appeal be filed with and received by the trial court clerk within thirty (30) days after entry of the judgment appealed. If one of the post-judgment motions listed in Tenn. R. App. P. 4(b) and Tenn. R. Civ. P. 59.01 is timely filed, the time for filing the notice of appeal will run from the date of the order granting or denying the motion. The trial court denied Mr. Bell's Tenn. R. App. P. 59 motion to alter or amend on January 7, 2013, and Mr. Bell was thus required to file his notice of appeal by February 6, 2013. Mr. Bell did not file his notice of appeal until February 12, 2013, six days late.

Because Mr. Bell is an inmate in a correctional facility, his notice of appeal would be considered timely if it were delivered to the appropriate individual at the correctional facility within the thirty (30) day period. Tenn. R. App. P. 4 and 20(g). However, the burden of proving timely delivery is on the inmate. In this case, Mr. Bell has not asserted timely delivery, and there is no evidence of timely delivery.

The time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn.2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Serv. Corp.* 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal deprives this court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d at 869. Accordingly, the appeal must be dismissed.[2]

The appeal is hereby dismissed for failure to file a timely notice of appeal. The costs of the appeal are taxed to James E. Bell for which execution may issue.

PER CURIAM

---

[2]Because the appeal must be dismissed based on the failure to file a timely notice of appeal with the trial court clerk, we need not address the failure to serve a copy of the notice of appeal on opposing counsel.