IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 23, 2018

## NICOLE JOSEPH v. WILLIAM EDGE SALONSPA, LLC

**Appeal from the Circuit Court for Davidson County
No. 17C909  Joseph P. Binkley, Jr., Judge**

_____

### No. M2018-01425-COA-R3-CV

_____

This is an appeal from a final judgment entered on April 24, 2018. Because the appellant did not file either her motion to alter or amend or her notice of appeal within thirty days after entry of the judgment as required by Tenn. R. App. P. 4(a), we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., ANDY D. BENNETT, AND RICHARD H. DINKINS, JJ.

Nicole Joseph, Nashville, Tennessee, pro se.

John J. Griffin, Jr., Nashville, Tennessee, for the appellee, William Edge SalonSpa, LLC.

Bill Easterly, Nashville, Tennessee, for the appellee, BlueCross BlueShield of Tennessee, Inc.

### MEMORANDUM OPINION[1]

One of the appellees, William Edge SalonSpa, LLC, has filed a motion to dismiss this appeal for failure to file a timely notice of appeal. The appellant, Nicole Joseph, has

_____

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

not filed a response in opposition to the motion. It appears from the unopposed motion and the other documents before this court that the trial court entered its final judgment dismissing Ms. Joseph's claims on April 24, 2018. Thirty-one days later, on May 25, 2018, Ms. Joseph filed a motion to alter or amend the judgment. The trial court denied the motion to alter or amend as untimely on July 12, 2018, and Ms. Joseph filed a notice of appeal with the clerk of this court on August 6, 2018.

Tenn. R. App. P. 4(a) requires that a notice of appeal be filed within thirty days after entry of the judgement appealed. If one of the post-judgment motions listed in Tenn. R. App. P. 4(b) and Tenn. R. Civ. P. 59.01, including a motion to alter or amend, is timely filed, the time for filing the notice of appeal will run from the date of entry of the order granting or denying the motion. However, the post-judgment motion must be filed within thirty days after entry of the judgment, and an untimely post-judgment motion will not extend the time for filing a notice of appeal.

Here, Ms. Joseph was required to file either a notice of appeal or a Tenn. R. Civ. P. 59.01 motion on or before May 24, 2018, thirty days after entry of the trial court's judgment. Ms. Joseph did not file her motion to alter or amend until May 25, 2018, thirty-one days after entry of the judgment. Her untimely motion did not extend the time for filing the notice of appeal, and her notice of appeal filed on August 6, 2018, was thus untimely.

The thirty day time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn.2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Serv. Corp.* 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). Once the thirty day time period expired, the April 24, 2018 judgment became final and unappealable. The failure to file a timely notice of appeal deprived this court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d at 869.

The appellee also requests damages for filing a frivolous appeal under Tenn. Code Ann. § 27-1-122. Based on the undisputed facts presented in the motion to dismiss and on Ms. Joseph's failure to respond to the motion, we find the appeal to be frivolous.

This appeal is hereby dismissed. The case is remanded to the trial court for further proceedings consistent with this opinion including a determination of damages for a frivolous appeal under Tenn. Code Ann. § 27-1-122 and for entry of an appropriate judgment. Nicole Joseph is taxed with the costs for which execution may issue.

PER CURIAM