IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 14, 2019

## JOSIAH MANUAL DAVIS v. AKIRA HAYES

**Appeal from the Circuit Court for Franklin County**
**No. 2018-CV-171   Justin C. Angel, Judge**

_____

## No. M2019-00243-COA-R3-CV
_____

The father has filed a notice of appeal from a final judgment entered on January 7, 2019. Because the father did not file his notice of appeal within thirty days after entry of the judgment as required by Tenn. R. App. P. 4(a), we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., RICHARD H. DINKINS, AND W. NEAL MCBRAYER, JJ.

Josiah Manual Davis, Murfreesboro, Tennessee, pro se.

Amber L. Seymour, Nashville, Tennessee, for the appellee, Child Support Services of Tennessee.

Gregory M. O'Neal, Winchester, Tennessee, for the appellee, Akira Hayes.

Sandra I. Schefcik, Estill Springs, Tennessee, Guardian Ad Litem.

### MEMORANDUM OPINION[1]

This appeal arises out of a dispute between the parents of a six year old boy over their parenting plan and the child's name. The trial court entered its final judgment denying the father's request for a name change and adopting a new parenting plan on January 7, 2019. Under Tenn. R. App. P. 4(a), the father was required to file a notice of

_____

[1] Under the rules of this Court, memorandum opinions may not be published, "cited[,] or relied on for any reason in any unrelated case." Tenn. Ct. App. R. 10.

appeal with the clerk of this court on or before February 6, 2019, thirty days after entry of the judgment. The father did not file his notice of appeal until February 7, 2019, thirty-one days after entry of the judgment.

The record on appeal was filed with the clerk of this court on April 25, 2019. After reviewing the record, the court determined that the father's notice of appeal was untimely and ordered the father to show cause why his appeal should not be dismissed. On April 30, 2019, the father filed a "Statement Regarding Name Change" arguing the merits of his appeal. However, the statement does not address the timeliness of the appeal or otherwise respond to the court's show cause order. The father has not filed a response to the show cause order.

The thirty day time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Serv. Corp.* 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal deprives this court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d at 869.

The appeal is hereby dismissed for failure to file a timely notice of appeal. The case is remanded to the trial court for further proceedings consistent with this opinion. The costs are taxed to the father for which execution may issue.

PER CURIAM