FILED
04/28/2020
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 22, 2020

## DIANE GREER v. JAMES GREER

**Appeal from the Circuit Court for Putnam County
No. 2017-CV-110   Jonathan L. Young, Judge**

_____

### No. M2020-00434-COA-R3-CV

_____

This is an appeal from a final decree of divorce entered on November 4, 2019, and an order denying a motion for a new trial entered on January 17, 2020. Because the husband did not file his notice of appeal within thirty days after entry of the order denying the motion for a new trial, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ANDY D. BENNETT, RICHARD H. DINKINS, and W. NEAL MCBRAYER, JJ.

James Alex Greer, Pikeville, Tennessee, pro se.

Randy S. Chaffin, Cookeville, Tennessee, for the appellee, Diane Greer.

### MEMORANDUM OPINION[1]

This appeal arises out of a final decree of divorce entered on November 4, 2019. James Greer ("Husband"), an inmate in the custody of the Department of Correction, filed a motion for a new trial, and the trial court denied the motion on January 17, 2020.[2] On February 27, 2020, Husband filed with the clerk of this Court a sixty-three page document, which the clerk treated as a notice of appeal. Diane Greer ("Wife") has moved the Court to dismiss the appeal as untimely.

_____

[1] Tenn. R. Ct. App. 10 states:
This court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] Although neither party has provided the Court with a copy of the motion for a new trial, we will assume the motion was timely filed for the purposes of this opinion.

Tenn. R. App. P. 4(a) requires that a notice of appeal be filed within thirty days after entry of the judgement appealed. If one of the post-judgment motions listed in Tenn. R. App. P. 4(b) and Tenn. R. Civ. P. 59.01, including a motion for a new trial, is timely filed, the time for filing the notice of appeal will run from the date of entry of the order granting or denying the motion. Here, the trial court denied the motion for a new trial on January 17, 2020, but Husband did not file his notice of appeal until February 27, 2020, forty-one days later. Because Husband is an inmate proceeding pro se, his notice of appeal would be considered timely if it was delivered to the appropriate individual at his correctional facility within the time fixed for filing. Tenn. R. App. P. 20(g). However, Husband has the burden of proving timely delivery, and the mailroom stamp on the envelope containing the notice of appeal indicates the notice was not delivered to the mailroom until February 25, 2020, thirty-nine days after the denial of the motion for a new trial.

In response to Wife's motion to dismiss, Husband does not address the timeliness of his notice of appeal but rather argues the merits of his appeal. However, the time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Serv. Corp.* 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal deprives this court of jurisdiction to hear the matter. *Flautt & Mann,* 285 S.W.3d at 869.

The appeal is hereby dismissed for failure to file a timely notice of appeal. The case is remanded to the trial court for further proceedings consistent with this opinion. Husband is taxed with the costs for which execution may issue.

PER CURIAM