IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 23, 2021

**MONIQUE DAVIS v. WILLIE THOMAS**

**Appeal from the Circuit Court for Davidson County**
**No. 20C1926        Thomas W. Brothers, Judge**

———————————————————

**No. M2021-00303-COA-R3-CV**

———————————————————

The plaintiff has appealed from the dismissal of her complaint for property damage stemming from a water leak. Because the plaintiff did not file her notice of appeal within the time permitted by Tenn. R. App. P. 4, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., ANDY D. BENNETT, and W. NEAL MCBRAYER, JJ.

Monique Davis, Madison, Tennessee, pro se.

Curtis Lane Campbell, Nashville, Tennessee, for the appellee, Willie Thomas.

**MEMORANDUM OPINION[1]**

After a water leak damaged her kitchen ceiling, Monique Davis filed a complaint in the General Sessions Court for Davidson County against Willie Thomas, the owner of the condominium directly above hers. The General Sessions Court granted Ms. Davis a judgment in the amount of $2,436.00, and Mr. Thomas filed an appeal to the Circuit Court

---

[1]Tenn. R. Ct. App. 10 states:
This Court, with the concurrence of all judges participating in the case, may affirm, reverse, or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

for Davidson County. Mr. Thomas subsequently filed a motion to dismiss Ms. Davis's claims based on the statute of limitations.

The trial court granted Mr. Thomas's motion to dismiss on January 15, 2021. On January 22, 2021, Ms. Davis filed a "Motion for Reconsideration" pursuant to Tenn. R. Civ. P. 59.04. The trial court considered the motion as a Tenn. R. Civ. P. 59.04 motion to alter or amend and denied it on February 5, 2021. On February 9, 2021, Ms. Davis filed a "Motion for Reconsideration" of the February 5, 2021 order under Tenn. R. Civ. P. 59.04. The trial court denied the second Tenn. R. Civ. P. 59.04 motion on March 2, 2021. On March 5, 2021, Ms. Davis filed a motion for a new trial under Tenn. R. Civ. P. 59.06. The trial court considered the motion as a third motion to alter or amend and denied it March 19, 2021. Ms. Davis filed her notice of appeal on March 19, 2021.

Tenn. R. App. P. 4(a) requires that a notice of appeal be filed within thirty days after entry of the final judgment. If one of the post-judgment motions listed in Tenn. R. App. P. 4(b) and Tenn. R. Civ. P. 59.01 is timely filed, the time for filing the notice of appeal will run from the date of entry of the order granting or denying the motion. However, motions to reconsider post-judgment motions are not authorized, and post-judgment motions filed in serial fashion will not extend the time for filing a notice of appeal. Tenn. R. Civ. P. 59.01; *Barnes v. Barnes*, No. M2012-02085-COA-R3CV, 2014 WL 1413931, at *3 (Tenn. Ct. App. Apr. 10, 2014); *Southern Co-op Development Fund Inv. Corp. v. Gilliam*, No. 01A01-9112-CV-000302, 1992 WL 104752 at *1 (Tenn. Ct. App. May 19, 1992).

The trial court entered its final judgment dismissing the action on January 15, 2021. Because Ms. Davis filed a timely motion to alter or amend the judgment, the thirty day time period for filing a notice of appeal ran from February 5, 2021, the date the trial court denied the motion to alter or amend. The time for filing a notice of appeal thus expired on March 8, 2021, and the judgment became unappealable after that date.

The February 9, 2021 motion was either a motion to reconsider the denial of the first Tenn. R. Civ. P. 59 motion to alter or amend or a second Tenn. R. Civ. P. 59 motion filed in serial fashion. In either case, the motion was not authorized and did not extend the time for filing a notice of appeal. The March 5, 2021 motion, besides being a serial post-judgment motion, was untimely as it was not filed within thirty days of the January 15, 2021 order. Thus, it could not extend the time for filing a notice of appeal.

The thirty day time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Serv. Corp.* 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal deprives this court of jurisdiction to hear the matter. *Flautt & Mann,* 285 S.W.3d at 869.

The appeal is dismissed for failure to file a timely notice of appeal. The case is remanded to the trial court for further proceedings consistent with this opinion. The costs are taxed to Monique Davis.

PER CURIAM