IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 24, 2022

## GINA G. GIANOPULOS CRUZ, ET AL v. WILHOIT PROPERTIES, ET AL

**Appeal from the Circuit Court for Coffee County**
**No. 2019-CV-45919        Vanessa Jackson, Judge**

———————————————————

**No. M2022-00687-COA-R3-CV**

———————————————————

This is an appeal from a Final Order of Dismissal and Order Approving Minor's Settlement. Because the appellant did not file her notice of appeal within thirty days after entry of the final order as required by Rule 4(a) of the Tennessee Rules of Appellate Procedure, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., ANDY D. BENNETT, and W. NEAL MCBRAYER, JJ.

Gina Gianopulos Cruz, Nashville, Tennessee, pro se.

William E. Godbold, III, Chattanooga, Tennessee, for the appellees, Wilhoit Properties, Inc., and Briarwood Apartment Homes.

James Frederick Conley, Tullahoma, Tennessee, Guardian Ad Litem.

## MEMORANDUM OPINION[1]

This is a premises liability case involving a minor child who fell on a staircase. The defendants and the child's guardian ad litem moved the trial court to approve a settlement

---

[1]Tenn. R. Ct. App. 10 states:
This court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

agreement. The child's mother, Gina Gianopulos Cruz, opposed the settlement. On November 8, 2021, the trial court entered a Final Order of Dismissal and Order Approving Minor's Settlement. Ms. Cruz filed a notice of appeal with the clerk of this Court on May 23, 2022.

Tennessee Rule of Appellate Procedure 4(a) requires that a notice of appeal be filed with the clerk of the appellate court within thirty days after entry of the judgment appealed. Ms. Cruz did not file her notice of appeal until more than six months after entry of the judgment appealed. Ms. Cruz attached a letter to her May 23, 2022 notice of appeal stating that she sent a notice of appeal to the clerk in December of 2021, and that she believes she sent it on December 7, 2021. However, Ms. Cruz was unable to provide the clerk with any proof of her attempted filing. In any event, with certain exceptions not relevant here, a filing is not considered timely unless it is received by the clerk within the time fixed for filing. Tenn. R. App. P. 20(a). The clerk did not receive a notice of appeal from Ms. Cruz within the time fixed for filing.

On June 13, 2022, the defendants filed a motion to dismiss the appeal for failure to file a timely notice of appeal. Ms. Cruz has not filed a timely response. The thirty day time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn.2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This Court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Serv. Corp.* 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal deprives this Court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d at 869.

The appeal is dismissed for failure to file a timely notice of appeal. The case is remanded to the trial court for further proceedings consistent with this opinion. Gina Gianopulos Cruz is taxed with the costs for which execution may issue.

PER CURIAM