# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
July 5, 2022

## TORRY HOLLAND v. TENNESSEE DEPARTMENT OF CORRECTION

**Appeal from the Chancery Court for Davidson County**
No. 21-862-IV          Russell T. Perkins, Chancellor

_____

### No. M2022-00889-COA-R3-CV

_____

This is an appeal from a final order dismissing an inmate's Petition for Declaratory Judgment. Because the inmate did not file his notice of appeal with the clerk of the appellate court within thirty days after entry of the final order as required by Rule 4(a) of the Tennessee Rules of Appellate Procedure, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., ANDY D. BENNETT, and W. NEAL MCBRAYER, JJ.

Torry Holland, Tiptonville, Tennessee, pro se.

William Michael Varnell, II, Nashville, Tennessee, for the appellee, Tennessee Department of Correction.

### MEMORANDUM OPINION[1]

Torry Holland, an inmate in the Custody of the Department of Correction, filed a Petition for Declaratory Judgment in the Chancery Court for Davidson County, challenging his sentence calculation with respect to certain pre-trial jail credits. Both parties filed

---

[1]Tenn. R. Ct. App. 10 states:
This court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

motions for summary judgment. On May 6, 2022, the trial court denied Mr. Holland's motion for summary judgment and granted the Department's motion for summary judgment. Mr. Holland filed his notice of appeal with the clerk of the appellate court on June 30, 2022.

Rule 4(a) of the Tennessee Rules of Appellate Procedure requires that a notice of appeal be filed with the clerk of the appellate court within thirty days after entry of the judgment appealed. Mr. Holland did not file his notice of appeal until fifty-five days after entry of the judgment appealed. Because Mr. Holland is an inmate proceeding pro se, his notice of appeal would be considered timely if it were delivered to the appropriate individual at his correctional facility within the time fixed for filing. Tenn. R. App. P. 20(g). However, the envelope containing the notice of appeal indicates it was not delivered to the appropriate individual at Mr. Holland's correctional facility until June 28, 2022, well past the thirty day deadline. We also recognize that Mr. Holland first attempted to file his notice of appeal with the clerk of the trial court on June 8, 2022. However, under Rule 4(a), the notice of appeal must be filed with the clerk of the appellate court. A notice of appeal filed with the trial court clerk is a nullity and does not initiate an appeal as of right or extend the time for filing a notice of appeal in this Court.[2]

The thirty day time limit for filing a notice of appeal with the clerk of the appellate court is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn.2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This Court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Serv. Corp.* 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal deprives this Court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d at 869.

The appeal is dismissed for failure to file a timely notice of appeal. The case is remanded to the trial court for further proceedings consistent with this opinion. Torry Holland is taxed with the costs for which execution may issue.

PER CURIAM

---

[2] While the 2017 amendment to Rule 4(a) included a one year transitional provision providing additional time to parties who mistakenly filed a notice of appeal with the trial court clerk, that transitional provision expired in 2018.