IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 9, 2022

## QUINTON A. CAGE v. STATE OF TENNESSEE

**Appeal from the Tennessee Claims Commission**
**No. 0546-GL-22-0300548-001     James A. Haltom, Commissioner**
_____

**No. M2022-01155-COA-R3-CV**
_____

An inmate appeals the Claims Commission's dismissal of his claim. Because the inmate did not file his notice of appeal within the time permitted by Rule 4 of the Tennessee Rules of Appellate Procedure, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., ANDY D. BENNETT, and JEFFREY USMAN, JJ.

Quinton Albert Cage, pro se.

Stephanie Renee Reevers, Nashville, Tennessee, for the appellee, State of Tennessee.

## MEMORANDUM OPINION[1]

On December 20, 2021, Quinton Albert Cage, an inmate in the custody of the Department of Correction, filed a claim with the Department of Claims and Risk Management. The Department of Claims and Risk Management transferred the claim to the Claims Commission. On March 16, 2022, the Commission determined that Mr. Cage's allegations fell outside the categories set forth in Tennessee Code Annotated § 9-8-307 and dismissed the claim for lack of jurisdiction. Mr. Cage filed a motion for reconsideration on April 11, 2022. The Commission denied the motion for reconsideration on June 24, 2022. Mr. Cage filed a notice of appeal with the clerk of this Court on August 15, 2022.

_____

[1]Under the rules of this Court, as a memorandum opinion, this opinion may not be published, "cited[,] or relied on for any reason in any unrelated case." Tenn. Ct. App. R. 10.

Tennessee Rule of Appellate Procedure 4(a) requires that a notice of appeal be filed with the clerk of the appellate court within thirty days after entry of the judgment appealed. If one of the post-judgment motions listed in Tennessee Rule of Appellate Procedure 4(b) and Tennessee Rule of Civil Procedure 59.01 is timely filed, the time for filing the notice of appeal will run from the date of entry of the order granting or denying the motion.

Even if we consider the motion for reconsideration as a motion to alter or amend under Tennessee Rule of Civil Procedure 59, the time for filing the notice of appeal began to run, at the latest, on June 24, 2022, the date the Commission denied the motion. Thus, the notice of appeal was due on Monday, July 25, 2022. Tenn. R. App. P. 4(a) and 21(a). Mr. Cage did not file his notice of appeal until August 15, 2022. Because Mr. Cage is an inmate proceeding pro se, his notice of appeal would be considered timely if it were delivered to the appropriate individual at his correctional facility within the time fixed for filing. Tenn. R. App. P. 20(g). However, the envelope containing the notice of appeal indicates it was not delivered to the appropriate individual at Mr. Cage's correctional facility until August 12, 2022.

Mr. Cage acknowledges that his notice of appeal is untimely and requests a suspension of the rules or an exemption. However, the thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This Court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d 856, 868 n.1 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Servs. Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal deprives this Court of jurisdiction to hear the matter. *Flautt & Mann*, 285 S.W.3d at 869 n.1.

The appeal is hereby dismissed for failure to file a timely notice of appeal. The case is remanded to the Claims Commission for further proceedings consistent with this opinion. The costs are taxed to Quinton Albert Cage.

PER CURIAM

- 2 -