IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 12, 2022

## JASON C. JOHNSON v. TENNESSEE DEPARTMENT OF CORRECTIONS ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 21-828-III          Ellen Hobbs Lyle, Chancellor**

_____

**No. M2022-01265-COA-R3-CV**

_____

This is an appeal from an order dismissing an inmate's Petition for Writ of Certiorari. Because the inmate did not file his notice of appeal within thirty days after entry of the order as required by Rule 4(a) of the Tennessee Rules of Appellate Procedure, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., ANDY D. BENNETT, and W. NEAL MCBRAYER, JJ.

Jason Curtis Johnson, Hartsville, Tennessee, pro se.

Kristen Joy Walker, Nashville, Tennessee, for the appellee, Tennessee Department of Corrections.

## MEMORANDUM OPINION[1]

Jason Johnson, an inmate in the custody of the Department of Correction, filed a petition for common law writ of certiorari alleging that the Department failed to follow its own policies and procedures with respect to four disciplinary hearings in which Mr.

_____

[1] Under Tennessee Court of Appeals Rule 10, the Court may decide a case by memorandum opinion when a formal opinion would have no precedential value. A case decided by memorandum opinion shall not be published and shall not be cited or relied on for any reason in any unrelated case. TENN. CT. APP. R. 10.

Johnson was convicted. On July 28, 2022, the trial court upheld Mr. Johnson's convictions and dismissed the petition. Mr. Johnson filed a notice of appeal with the clerk of this Court on September 12, 2022.

Rule 4(a) of the Tennessee Rules of Appellate Procedure requires that a notice of appeal be filed with the clerk of the appellate court within thirty days after entry of the judgment appealed. Mr. Johnson did not file his notice of appeal until forty-six days after entry of the judgment. Because Mr. Johnson is an inmate proceeding pro se, his notice of appeal would be considered timely if it were delivered to the appropriate individual at his correctional facility within the time fixed for filing. Tenn. R. App. P. 20(g). However, both the envelope containing the notice of appeal and the certificate of service demonstrate that the notice was not delivered to the appropriate individual at Mr. Johnson's correctional facility until well past the thirty-day deadline.

The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This Court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d 856, 868 n.1 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Servs. Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal deprives this Court of jurisdiction to hear the matter. *Flautt & Mann*, 285 S.W.3d at 869 n.1.

The appeal is dismissed for failure to file a timely notice of appeal. The case is remanded to the trial court for further proceedings consistent with this opinion. Jason Johnson is taxed with the costs for which execution may issue.

PER CURIAM