IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 17, 2024

## ROBIN HOOD CONDO ASSOCIATION v. WILLIAM WELLMAN

**Appeal from the Circuit Court for Davidson County**
**No. 21C1764   Joseph P. Binkley, Jr., Judge**

_____

**No. M2023-01519-COA-R3-CV**

_____

A condominium owner appeals from a final judgment awarding past due fees and assessments to a homeowners association. Because the owner did not file his notice of appeal within thirty days after entry of the judgment as required by Tennessee Rule of Appellate Procedure 4(a), we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., W. NEAL MCBRAYER, and JEFFREY USMAN, JJ.

William Wellman, Joelton, Tennessee, Pro Se.

Trent North Notestine, Nashville, Tennessee, for the appellee, Robin Hood Condo Association.

### MEMORANDUM OPINION[1]

This appeal involves a dispute between a condominium owner and a homeowners association over fees and assessments. The Robin Hood Condo Association ("Robin Hood") obtained a judgment against the owner, William Wellman, for past due fees and assessments in the General Sessions Court for Davidson County. Mr. Wellman appealed to the circuit court and filed a counterclaim for breach of contract. Robin Hood moved for summary judgment. On August 31, 2023, the trial court granted the motion for summary

---

[1] Under Tennessee Court of Appeals Rule 10, a case decided by memorandum opinion may not be published, cited, or relied on for any reason in any unrelated case.

judgment and entered a final judgment in favor of Robin Hood in the amount of $7,675.20 plus attorney's fees in the amount of $10,500.00. The trial court also dismissed Mr. Wellman's counterclaim. Mr. Wellman filed a notice of appeal with the clerk of this Court on October 27, 2023.

Tennessee Rule of Appellate Procedure 4(a) requires that a notice of appeal be filed with the clerk of the appellate court within thirty days after entry of the judgment appealed. Mr. Wellman did not file his notice of appeal until fifty-seven days after entry of the judgment. On November 2, 2023, this Court ordered Mr. Wellman to show cause why his appeal should not be dismissed for failure to file a timely notice of appeal. Mr. Wellman responded, and the Court reserved judgment on the matter pending receipt of the record. The clerk received the record on March 20, 2024.

In his response, Mr. Wellman does not dispute that he filed his notice of appeal more than thirty days after entry of the final judgment. While the response raises a question concerning whether the address listed on the final judgment's certificate of service was Mr. Wellman's correct address at the time, such factual questions are not for this Court to decide.

The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This Court can neither waive, TENN. R. APP. P. 2, nor extend, TENN. R. APP. P. 21(b), the time period. *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d 856, 868 at n.1 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Servs. Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal deprives this Court of jurisdiction to hear the matter. *Flautt & Mann*, 285 S.W.3d at 869 at n.1.

The appeal is dismissed for failure to file a timely notice of appeal. The case is remanded to the trial court for further proceedings consistent with this opinion. Mr. Wellman is taxed with the costs for which execution may issue.

PER CURIAM