FILED
07/31/2025
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 22, 2025 Session

## IN RE ESTATE OF BETTY RUTH SHAW MORGAN

**Appeal from the Chancery Court for Knox County**
**No. 79483-3**       **Christopher D. Heagerty, Jr., Chancellor**

——————————————————————

**No. E2025-00713-COA-R3-CV**

——————————————————————

This is an appeal from a trial court's final order entered on February 7, 2025. The notice of appeal was not mailed to the Appellate Court Clerk via certified mail until May 9, 2025, more than thirty days from the final order's entry date. Because the notice of appeal was not timely filed, we lack jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. MCCLARTY, J.; THOMAS R. FRIERSON, II, J.; AND KRISTI M. DAVIS, J.

Michael Melton, North Richland Hills, Texas, Pro Se.

Daniel Kidd, Knoxville, Tennessee, for the appellee, Charles Melton.

## MEMORANDUM OPINION[1]

The Knox County Chancery Court ("trial court") entered a final judgment on February 7, 2025. On May 14, 2025, the appellant, Michael Melton ("Appellant"), filed a *pro se* notice of appeal in this case. The notice of appeal was mailed to this Court via certified mail on May 9, 2025. In the notice of appeal, Appellant states that he is seeking to appeal the February 7, 2025 order of the trial court. The February 7, 2025 order relieved

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

the personal representative of the Estate of Betty Ruth Shaw Morgan and closed the administration of the Estate after the property had been distributed. Accordingly, the order appears to be a final judgment because no issues remain to resolve.

For a notice of appeal to be timely, it must "be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004). If a notice of appeal is not filed within thirty days from the date of entry of the final judgment, we are not at liberty to waive the procedural defect and must dismiss the appeal. *See Arfken & Assocs., P.A. v. Simpson Bridge Co., Inc.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002); *Am. Steinwinter Investor Group v. Am. Steinwinter, Inc.*, 964 S.W.2d 569, 571 (Tenn. Ct. App. 1997); *Jefferson v. Pneumo Services Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985).

Additionally, Tennessee Rule of Appellate Procedure 20(a) provides that the filing of documents mailed to the Appellate Court Clerk's Office "shall not be timely unless the papers are received by the clerk within the time fixed for filing." However, documents mailed or sent to the Appellate Court Clerk's Office via the United States Postal Service or other commercial delivery service by certified return receipt mail, registered return receipt mail, or other delivery service with computer tracking shall be considered timely if mailed within the time fixed for filing. Tenn. R. App. P. 20(a). Therefore, to be considered timely filed in this Court, Appellant would have had to mail the notice of appeal via certified mail by March 10, 2025, to comply with the thirty-day deadline.

Because the notice of appeal appeared to be untimely filed, this Court entered an order directing Appellant to show cause why this appeal should not be dismissed for lack of subject matter jurisdiction. Appellant filed a response stating that he had filed a notice of appeal on March 3, 2025, but that the Appellate Court Clerk had rejected the filing as not compliant with Tennessee Rule of Appellate Procedure 3. Appellant further states that he subsequently spoke with an individual in the Clerk's Office who informed him that he had sixty days to file an appeal. Appellant attached to his response what appears to be an email informing Appellant that his filing had been rejected on March 3, 2025, and providing the following reason for rejection: "Not in compliance with T.R.A.P. 3. There is no Notice of Appeal. The Form can be found on our website."

Tennessee Supreme Court Rule 46, section 3.01(b), allows the Appellate Court Clerk to review a document that has been electronically filed to determine whether such document complies with the applicable filing requirements. If the Clerk determines the document does not comply with the applicable filing requirements, the Clerk may reject the document for filing. *Id.* In such cases, the Clerk must promptly notify the litigant of the rejection and the reasons therefor. *Id.* If the Clerk rejects the filing, the Clerk may provide the appellant with up to three additional days to correct the deficient filing, and in such cases, timely submission of the corrected filing will relate back to the initial filing

date. *Id.*

In his response to this Court's show cause order, Appellant states that after the document was rejected on March 3, 2025, he filed his notice of appeal on March 29, 2025, which he asserts was within the sixty days he believed he was allotted. Appellant attached a receipt from the United States Postal Service, dated March 29, 2025. However, the attached receipt does not correspond to the mailing information on the envelope sent with the notice of appeal. Instead, the receipt reflects that an 8.5 x 12 mailer was mailed via priority mail with tracking from North Richland Hills, Texas to Harvest, Alabama 35749. By contrast, the mailing information on the envelope containing the notice of appeal reflects that the notice was mailed on May 9, 2025, well outside of the thirty-day time limit.

Even assuming, *arguendo*, that Appellant had mailed his notice of appeal on March 29, 2025, it still would not have been timely under Tennessee Rule of Appellate Procedure 4(a) ("[T]he notice of appeal required by Rule 3 shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from[.]"). We reiterate that we are not at liberty to waive an untimely notice of appeal (nor is the Appellate Court Clerk's Office). *See Arfken & Assocs., P.A.*, 85 S.W.3d at 791. Moreover, although *pro se* litigants are sometimes afforded more leniency in their filings than trained attorneys, they are not excused from compliance with our rules of procedure. *See Kaylor v. Bradley*, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995).

Because the notice of appeal in this case was filed more than thirty days after the trial court entered its final order, we lack jurisdiction to consider the appeal. This appeal is dismissed. Costs on appeal are taxed to the appellant, Michael Melton, for which execution may issue if necessary.

**PER CURIAM**

- 3 -