IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 18, 2025

## DWIGHT MITCHELL v. STATE FARM INSURANCE COMPANY ET AL.

**Appeal from the Chancery Court for Trousdale County**
No. 7890    Michael Wayne Collins, Judge

———————————————————

**No. M2025-00983-COA-R3-CV**

———————————————————

This is an appeal from a final judgment dismissing the plaintiff's claims against a doctor as time barred and for failure to comply with the Health Care Liability Act. Because the appellant did not file his notice of appeal with the Clerk of the Appellate Court within thirty days after entry of the final judgment as required by Tennessee Rule of Appellate Procedure 4(a), we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., ANDY D. BENNETT, and W. NEAL MCBRAYER, JJ.

John Martin Drake, Sterretts, Alabama, for the appellant, Dwight Mitchell.

John O. Alexander, IV, Nashville, Tennessee, for the appellee, Bienvenido Sampson, M.D.

**MEMORANDUM OPINION**[1]

This appeal arises out of a dispute over real property and life insurance proceeds following the death of the plaintiff's mother. In his second amended complaint, the plaintiff, Dwight Mitchell, included claims against the doctor who signed his mother's death certificate. The doctor, Bienvenido Sampson, M.D., filed a motion to dismiss based on the statute of limitations and Mr. Mitchell's failure to comply with the requirements of the Health Care Liability Act, Tennessee Code Annotated §§ 29-26-101 to -122. The trial court granted the motion and dismissed Mr. Mitchell's claims against Dr. Sampson on May 19, 2025. The trial court also determined there was no just reason for delay and directed

---

[1] A case designated as a memorandum opinion "shall not be published, and shall not be cited or relied on for any reason in any unrelated case." Tenn. Ct. App. R. 10.

the entry of a final judgment under Tennessee Rule of Civil Procedure 54.02 as to Dr. Sampson.

Mr. Mitchell first attempted to appeal the judgment by filing a notice of appeal with the trial court clerk on May 29, 2025. The trial court clerk returned the notice of appeal and notified Mr. Mitchell that the notice of appeal must be filed with the Appellate Court Clerk. Mr. Mitchell finally filed his notice of appeal with the Appellate Court Clerk on June 20, 2025.

Rule 4(a) of the Tennessee Rules of Appellate Procedure requires that a notice of appeal be filed with the Appellate Court Clerk within thirty days after entry of the judgment appealed. Mr. Mitchell did not file his notice of appeal with the Appellate Court Clerk until thirty-two days after entry of the judgment appealed. We recognize that Mr. Mitchell first attempted to file his notice of appeal with the clerk of the trial court. However, under Rule 4(a), the notice of appeal must be filed with the Appellate Court Clerk. A notice of appeal filed with the trial court clerk is a nullity and does not initiate an appeal as of right or extend the time for filing a notice of appeal in this Court.[2]

The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This Court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d 856, 868 at n.1 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Servs. Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal with the Appellate Court Clerk deprives this Court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d at 869 at n.1.

The appeal is dismissed for failure to file a timely notice of appeal. The case is remanded to the trial court for further proceedings consistent with this opinion. Dwight Mitchell is taxed with the costs for which execution may issue.

PER CURIAM

---

[2] While the 2017 amendment to Rule 4(a) included a one-year transitional provision providing additional time to parties who mistakenly filed a notice of appeal with the trial court clerk, that transitional provision expired in 2018.