IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 28, 2026

## FREDNA MCALISTER v. CALVIN MILLER

**Appeal from the Chancery Court for Lincoln County**
**No. 15980     J. B. Cox, Chancellor**
_____

**No. M2026-00104-COA-R3-CV**
_____

This is an appeal from an order reforming a deed to correct the legal description of the property. Because the appellant did not file his notice of appeal with the clerk of the appellate court within thirty days after entry of the final judgment as required by Tennessee Rule of Appellate Procedure 4(a), we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

Frank G. Clement, Jr., C.J., Andy D. Bennett, and Jeffrey Usman, JJ.

Calvin R. Miller, La Vergne, Tennessee, pro se.

Johnny D. Hill, Jr., Fayetteville , Tennessee, for the appellee, Fredna W. McAlister.

### MEMORANDUM OPINION[1]

        This appeal arises out of an action to reform a deed to correct the legal description of the property. On December 2, 2025, the Chancery Court for Lincoln County entered a final judgment reforming the deed and awarding the plaintiff attorney's fees and expenses. The defendant, Calvin R. Miller, first attempted to appeal the judgment by filing a notice of appeal with the Clerk and Master of the Chancery Court on December 10, 2025. After discovering he had filed the notice in the wrong court, Mr. Miller finally filed his notice of appeal with the Appellate Court Clerk on January 20, 2026.

_____

[1]A case designated as a memorandum opinion "shall not be published, and shall not be cited or relied on for any reason in any unrelated case." Tenn. Ct. App. R. 10.

Rule 4(a) of the Tennessee Rules of Appellate Procedure requires that a notice of appeal be filed with the Appellate Court Clerk within thirty days after entry of the judgment appealed. Mr. Miller did not file his notice of appeal with the Appellate Court Clerk until forty-one days after entry of the judgment. Mr. Miller's filing of the notice of appeal with the trial court clerk does not save the appeal. Rule 4(a) requires the notice to be filed with the Appellate Court Clerk. A notice of appeal filed with the trial court clerk is a nullity and does not initiate an appeal as of right or extend the time for filing a notice of appeal in this Court.[2]

The time limit for filing a notice of appeal with the Appellate Court Clerk is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This Court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d 856, 868 at n.1 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Servs. Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). Mr. Miller's failure to file a timely notice of appeal deprives this Court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d at 869 at n.1.

The appeal is dismissed for lack of appellate jurisdiction. Mr. Miller is taxed with the costs, for which execution may issue.

PER CURIAM

---

[2] While the 2017 amendment to Rule 4(a) included a one-year transitional provision providing additional time to parties who mistakenly filed a notice of appeal with the trial court clerk, that transitional provision expired in 2018.